DANSKY v. CARDILLO, Deputy Commissioner (WM. HAHN & CO. et al., Intervenors).

No. 9613.

District Court of the United States for the District of Columbia.

Aug. 11, 1941.

Isadore H. Halpern, of Washington, D. C., for plaintiff.

Edward M. Curran, U. S. Atty., and Bernard J. Long, Asst. U. S. Atty., both of Washington, D. C., for defendant.

Simon, Koenigsberger & Young, of Washington, D. C., for intervenors Wm. Hahn & Co. and New Amsterdam Casualty Co.

Charles S. Baker, Benjamin L. Tepper, and Warren E. Magee, all of Washington, D. C., for intervenors Wm. Hahn & Co. and Century Indemnity Co.

MORRIS, District Judge.

The plaintiff, an employee for several years of the intervenor, Wm. Hahn & Company, contracted pulmonary tuberculosis and made claim for such as an injury occasioned by her employment under the

provisions of the Employee's Compensation Act. The defendant, Deputy Commissioner of the United States Employees' Compensation Commission, charged by law with the determination of such claims, after hearing, denied this claim. In his findings of fact, he determined that the plaintiff did not have direct or immediate contact with her co-employee, one Jerry Myers, from whom it is alleged she contracted the disease. The plaintiff brings this action pursuant to Section 921(b), Title 33, U.S.C.A., The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which is by statute made the Employee's Compensation Act of the District of Columbia, 45 Stat. 600, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note, which confers jurisdiction upon this Court to set aside a compensation order not made in accordance with law. The evidence taken before the Commissioner is by stipulation made a part of the complaint herein, and is to be considered for purposes of a motion to dismiss the complaint filed by the defendant. It is not the province of this Court to reweigh the evidence and draw conclusions of its own in the place of those drawn by the Commissioner. The only proper function of this Court is to examine the evidence and determine whether or not there is any substantial evidence which supports the action of the Commissioner. If there is, such action should not be disturbed; if there is not, the order of the Commissioner should be set aside.

It is complained by the plaintiff that much opinion evidence in the case was given in response to questions not properly phrased, and resulted in answers being given which implicitly give weight to certain of the evidence and disregard other parts. It is also complained that certain opinion evidence was given by physicians who had acquired information concerning the plaintiff's condition in the capacity of a physician where such information was acquired for the purpose of the treatment of the plaintiff as a patient, and such testimony was given without the consent and over the objection of the plaintiff. It is further complained that much of the opinion evidence was predicated upon the assumption that the plaintiff's mother at one time was afflicted with the disease of pulmonary tuberculosis, which fact is denied by the plaintiff and the plaintiff's mother. The admission of certain of this evidence is, to say the least, questionable, but not dispositive of the case here. The critical question involved is whether or not the plaintiff contracted pulmonary tuberculosis from Jerry Myers, a colored employee who had worked in the same store with the plaintiff during her period of employment, who was hospitalized for tuberculosis shortly after the plaintiff discovered that she was so afflicted, and who died shortly thereafter from such disease. The determination of this critical question is necessarily grounded upon the extent of the contact between the two employees. The evidence is sharply in conflict on this point, certain witnesses insisting that Jerry Myers had occasion to be daily and frequently during the day in the immediate vicinity of the plaintiff; that he coughed and expectorated with frequency on the floor of the store, in cuspidors formerly kept there, and in places where empty boxes were kept that were used by the plaintiff and other clerks; that he drank from the same water fountain and used the same telephone, and during such periods of violent coughing suffered hemorrhages. Other witnesses testified that Jerry Myers had only very limited and casual contact with the plaintiff and other employees performing such duties as the plaintiff performed; that he did not cough unreasonably; nor did he expectorate in the store or places where infection could be transmitted to the plaintiff. The Commissioner chose to believe the witnesses who testified to the latter effect. He was no doubt guided in his conclusion by the opinion of expert witnesses who stated that such casual contact would not ordinarily result in the contraction by another of the disease here involved. Whether or not it can be said that the evidence established that the plaintiff contracted the disease in question from her mother, who certain of the witnesses said had formerly been afflicted with such disease, but which had been long healed, is not in issue here; and the action of the Commissioner cannot be set aside on the ground that he might not reasonably have inferred that the plaintiff contracted such disease from her mother. While, under the evidence, the Commissioner might have come to a different conclusion from that which he did, it cannot be said that the conclusion which he did reach is not supported by substantial evidence.

The motion to dismiss the complaint must, therefore, be granted.