In the Matter of the Claim of ANDREW A. VANORE, Respondent, against MARY IMMACULATE HOSPITAL and THE MASSACHUSETTS BONDING & INSURANCE Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for disability compensation. Claimant was employed as an interne in the Mary Immaculate Hospital. The Board found that by reason of his employment he came in contact with persons suffering from tuberculosis, and as a result contracted pulmonary tuberculosis on September 15, 1938. As a consequence he was totally disabled for the period of the award. The appellants, the employer and insurance carrier, contend that the record contains insufficient proof that claimant came in contact with tuberculosis and that the hazard of contracting the disease in the employment was not in excess of employment in general, and that as claimant was not employed in a tuberculosis ward, the tuberculosis from which he suffered was not an occupational disease. In the course of his work claimant attended patients within the hospital and also attended patients without the hospital while serving on ambulance duty, the latter consisting of forty-eight hours' service without relief. At the time of the onset of the disease he was acting as house surgeon, which involved more work than the general duties of an interne, and at some times he was obliged to be on duty day and night for a considerable period prior to his disability by reason of the crowded conditions of the hospital. At the time he contracted the disease claimant was not aware

of any specific cases of tuberculosis which he attended at the hospital. The attending physician, after an investigation, ascertained that from the time claimant entered the hospital, July 1, 1937, until September, 1938, when he contracted the disease, there were forty-five cases of tuberculosis in the hospital, of which sixteen or seventeen were definitely active with positive sputum. While the only written notes on the hospital records showed that claimant had specifically attended but two acute tuberculosis patients, both of whom were transferred during May, 1938, the attending physician did testify that there were sixteen or seventeen positive sputum cases, and that one of the sisters connected with the hospital was suffering active tuberculosis during the period that claimant worked there and was still under treatment in January, 1939. While it appears that prior to claimant's employment an X-ray examination indicated an old healed fibrotic tuberculosis, the testimony of the attending physician was to the effect that claimant was suffering from a new infection which he had contracted by contact with open cases during his employment in the hospital, and that the healed lesion had no direct relation to the infection subsequently contracted during hospital service. In *Matter of Miller* v. *City of New York* (257 App. Div. 1092) this court affirmed an award in the case of a nurse who had contracted tuberculosis while working in a city hospital. The Court of Appeals (282 N. Y. 707) reversed the Appellate Division and remitted the matter to the State Industrial Board for further hearing. The *Miller* case may readily be distinguished from the case at bar. There, the claimant nurse denied that she knew of any tuberculosis patients whom she had attended and there was no evidence that open tuberculosis cases were present in the hospital. It appears that the record in this case contains proof necessary to sustain the award, which was absent in the *Miller* case. There is ample evidence to sustain the decision of the State Industrial Board, and the award should be affirmed. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Schenck and Foster, JJ., concur; Crapser, J., dissents, and votes to reverse the award and decision appealed from and to dismiss the claim.