MILLS v. DETROIT TUBERCULOSIS SANITARIUM.

1. WORKMEN'S COMPENSATION—FINDING OF COMMISSION—EVIDENCE—
   DISHWASHER—TUBERCULOSIS—PROXIMATE CAUSE.
   Finding of fact by workmen's compensation commission that
   plaintiff dishwasher in defendant's tuberculosis sanitarium
   was totally disabled from tuberculosis contracted during
   course of his employment *held*, supported by testimony of
   defendant's superintendent, a doctor, hence is binding on the
   Supreme Court (2 Comp. Laws 1929, § 8451, as amended by
   Act No. 245, Pub. Acts 1943).

2. EVIDENCE—TUBERCULOSIS.
   It is a matter of common knowledge that tuberculosis is a wide-
   spread disease, that it is not limited to any particular class
   of individuals nor to specific localities and that illness and
   death resulting therefrom are common.

3. WORKMEN'S COMPENSATION—ORDINARY DISEASES OF LIFE—TU-
   BERCULOSIS.
   Tuberculosis may be regarded generally as an ordinary disease
   of life, as that term is used in the workmen's compensation
   act (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.],
   as added by Act No. 61, Pub. Acts 1937, and amended by
   Act No. 245, Pub. Acts 1943).

4. SAME—ORDINARY DISEASES OF LIFE—PROXIMATE CAUSE.
   Disability resulting from an ordinary disease of life to which
   the public generally may be exposed is nevertheless compen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am. Jur., Workmen's Compensation, § 530.
[2] 20 Am. Jur., Evidence, § 106.
[3–10, 13–15] 58 Am. Jur., Workmen's Compensation, § 242 *et seq.*
[3–10, 13–15] Tuberculosis as compensable disease.  20 A.L.R. 75,
   73 A.L.R. 547.
[4–6, 13, 15] Necessity and sufficiency of evidence that disease con-
   tracted by applicant for workmen's compensation is attributable
   to employment.  20 A.L.R. 4, 73 A.L.R. 488.
[11] 58 Am. Jur., Workmen's Compensation, § 26 *et seq.*

sable under the workmen's compensation act, where it is shown that such disability results from exposure during employment in a far greater degree and in a wholly different manner than the public generally (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

5. SAME—PULMONARY TUBERCULOSIS—DISHWASHER—EXPOSURE OF PUBLIC GENERALLY.

Under proofs adduced in dishwasher's proceeding to recover workmen's compensation, pulmonary tuberculosis *held,* not a disease to which the public is generally exposed to the extent required to contract it (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

6. SAME—DISHWASHER—TUBERCULOSIS—PROXIMATE CAUSE—EXPOSURE OF PUBLIC GENERALLY.

Finding that dishwasher at tuberculosis sanitarium contracted pulmonary tuberculosis during course of his employment, supported by competent evidence, entitled him to compensation under the workmen's compensation act, where it is not shown he was brought in contact with any definite source of tubercle bacilli outside of his employment and proofs show that plaintiff was exposed to a far greater degree and in a wholly different manner than the public generally and that the public is not generally exposed to the disease to the extent required to contract it (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

7. SAME—CONSTRUCTION OF STATUTES.

In construing the occupational disease amendment of the workmen's compensation act, the basic rule of interpretation is to ascertain and give effect to the intention of the legislature in enacting and amending it (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

8. SAME—CONSTRUCTION OF STATUTES—OCCUPATIONAL DISEASE AMENDMENT—HEALTH INSURANCE.

The occupational disease amendment to the workmen's compensation act was not intended to make compensation payable under the act a substitute for health insurance (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

9. SAME—CONSTRUCTION OF STATUTES—OCCUPATIONAL DISEASE AMENDMENT—DISABILITY COMPENSABLE.

The workmen's compensation act is intended to provide compensation for disability resulting from injury arising out of and in the course of the employment, including under the occupational disease amendment, disability resulting from a disease due to causes and conditions characteristic of and peculiar to the business of the employer (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

10. SAME—CONSTRUCTION OF STATUTES—ORDINARY DISEASES OF LIFE.

By providing that ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable under the workmen's compensation act, the legislature sought to prevent the payment of compensation in cases not within the purpose and spirit of the law (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

11. SAME—CONSTRUCTION OF STATUTES.

While the Supreme Court is bound by the provisions of the workmen's compensation act as enacted, it may interpret the act reasonably in the light of the purpose underlying its enactment (2 Comp. Laws 1929, § 8407 *et seq.*, as amended).

12. SAME—CONSTRUCTION OF STATUTES.

Each provision of the workmen's compensation act must be read in conjunction with the act as a whole, and particularly with other provisions relating to the same specific matter (2 Comp. Laws 1929, § 8407 *et seq.*, as amended).

13. SAME—TUBERCULOSIS—DISHWASHER—PROXIMATE CAUSE OF DISABILITY.

Recovery under the workmen's compensation act by plaintiff who contracted tuberculosis while employed as a dishwasher in a tuberculosis sanitarium was permissible under section of occupational disease amendment to the act where disability was found to have been caused by a disease which was due to the nature of the employment in which plaintiff was engaged and was contracted therein (Act No. 10, pt. 7, § 3, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

14. SAME—OCCUPATIONAL DISEASE—TUBERCULOSIS OF EMPLOYEE OF
TUBERCULOSIS SANITARIUM.

Amendment of occupational disease amendment of the work-
men's compensation act containing schedule of occupational
diseases, or conditions, disability from which should be
treated as happenings of compensable personal injuries,
whereby for the schedule there was substituted language em-
bracing disablement from any disease or disability which was
due to causes or conditions characteristic of and peculiar to the
business of the employer and which arises out of and in the
course of the employment was sufficiently broad to ren-
der compensable tuberculosis contracted by plaintiff while
at his employment as dishwasher in defendant's tuberculosis
sanitarium and which was found to have resulted from the
nature of the employment (Act No. 10, pt. 7, §§ 1-3, Pub.
Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub.
Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

15. SAME—DISHWASHER—TUBERCULOSIS—ORDINARY DISEASES OF
LIFE—PROXIMATE CAUSE.

Dishwasher's recovery of compensation for tuberculosis con-
tracted during, and due to nature of, his employment at tu-
berculosis sanitarium and the conditions under which it was
carried on, was not barred by provision of workmen's com-
pensation act rendering not compensable ordinary diseases
of life to which the public is generally exposed outside of the
employment (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st
Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and
amended by Act No. 245, Pub. Acts 1943).

Appeal from Workmen's Compensation Commis-
sion. Submitted October 5, 1948. (Docket No. 19,
Calendar No. 44,129.) Decided December 17, 1948.

Walter G. Mills presented his claim for compen-
sation against Detroit Tuberculosis Sanitarium,
employer, and General Accident, Fire & Life Assur-
ance Corporation, Ltd., insurer, for disability due
to tuberculosis. Award to plaintiff. Defendants
appeal. Affirmed.

*Marcus, Kelman & Loria* and *Lewis F. Brady,* for
plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

CARR, J.   Plaintiff was in the employ of defendant, the Detroit Tuberculosis Sanitarium, from January, 1944, until September, 1946.   In November following the termination of his employment, he filed a petition with the State department of labor and industry for compensation under the provisions of the workmen's compensation law of this State, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended (2 Comp. Laws 1929, § 8407 *et seq.* [Comp. Laws Supp. 1940, 1945, § 8408 *et seq.*, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 17.141 *et seq.*]).   The petition filed set forth that the disability for which compensation was sought resulted from a personal injury, or a compensable disease, occurring on or about August 26, 1946, and that such disability was caused by pulmonary tuberculosis.   Defendants filed their answer denying that plaintiff had suffered any compensable disability arising out of and in the course of his employment by the Detroit Tuberculosis Sanitarium, hereinafter referred to, for the sake of brevity, as the defendant.   The deputy commissioner before whom the matter was heard awarded compensation, which award was affirmed by the compensation commission.   Defendants have appealed.

Based on the proofs offered at the hearing, the commission found that, during the period of his employment, plaintiff worked in the kitchen of defendant's sanitarium, washing dishes used by patients.   In accordance with a rule or regulation of the defendant for the protection of its employees, plaintiff was X-rayed at intervals of 6 months, or approximately so.   On August 26, 1946, it was discovered that he had tuberculosis.   Thereafter he became a patient in defendant's sanitarium and was totally disabled.   The commission further found

that the disease from which plaintiff was suffering was contracted during the course of his employment by the defendant. Such conclusion was supported by the testimony of the superintendent of defendant's sanitarium, Dr. Willard B. Howes, whose opinion on the matter is indicated by the following excerpt from his testimony:

"*Q.* The only opportunity that you think of now whereby he might contract a T.B. germ would be from the kitchen dishes, you think?

"*A.* Yes.

"*Q.* Now, let me ask you something about tuberculosis. Is that a disease?

"*A.* It is a disease.

"*Q.* Yes?

"*A.* Yes.

"*Q.* And what is the cause of the disease?

"*A.* It is caused by the bacillus of tuberculosis.

"*Q.* And who is that may suffer from such cause?

"*A.* Anyone.

"*Q.* By that you mean any member of the general public?

"*A.* No one is immune.

"*Q.* Do you mean any one of the general public, is it a disease to which the public is generally exposed?

"*A.* Yes.

"*Q.* In that respect can it be said to be an ordinary disease of life?

"*A.* Yes.

"*Q.* Where is it you can pick up a T.B. germ?

"*A.* Beg pardon?

"*Q.* Where is it you can pick up a T.B. germ?

"*A.* The disease can be picked up by intimate and prolonged contact with the source of tubercle bacilli.

"*Q.* Where may it be picked up?

"*A.* Wherever that source is.

"*Q.* Can it be picked up—I have heard people talk about money, paper money, do you believe it

can be acquired by placing money in one's mouth or contact?

"*A.* I doubt it.

"*Q.* Can he pick it up in a theater where someone may sneeze or cough who is already infected with T.B.?

"*A.* I doubt it.

"*Q.* Can it be picked up in street cars under those circumstances where one affected with tuberculosis may cough or sneeze and the sputum transmitted to the respiratory organs of another?

"*A.* I doubt it.

"*Q.* Do you adhere to the theory that the germs may be suspended in air?

"*A.* They may.

"*Q.* To be inhaled by a person and that person may acquire tuberculosis?

"*A.* They may, not to the extent to produce tuberculosis in an individual, however. In my previous statement I stated that it is caused by tubercle bacilli and required prolonged and intimate contact with the source and you wouldn't get prolonged contact in the theater, I don't think on the street car or walking down the street.

"*Q.* Do you adhere to the theory then, that one can acquire tuberculosis in a tuberculosis sanitarium?

"*A.* No.

"*Q.* Well, where else then may some person acquire it?

"*A.* If you had it, your son would. You would be in contact with it prolonged and intimately and he would probably get it. Wherever there is a source you can. You don't get it from one with tubercle bacilli from the air. You have to have prolonged contact. You have got to have a sufficient dose to overcome the—shall I say—we don't know anything about the impunity of the individual."

The findings of fact made by the commission with reference to plaintiff's disability and the manner in

which he acquired the disease are supported by evidence, and are in consequence binding on the court. 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1947 Cum. Supp. § 17.186). *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610; *Palchak* v. *Murray Corporation of America*, 318 Mich. 482.

The principal question in the case is whether disability resulting from tuberculosis of the character suffered by plaintiff and acquired in the manner disclosed by the testimony is compensable under the statute in its present form. The commission determined the matter in favor of the plaintiff. Appellants claim that such holding was erroneous under pertinent provisions of the statute, insisting that disability resulting from pulmonary tuberculosis is not compensable. The precise question has not heretofore been passed on by this Court. Decisions from other States, based on statutory provisions differing from those in the Michigan act, are of little assistance.

The workmen's compensation law was amended by Act No. 61, Pub. Acts 1937, by adding thereto part 7, which broadens the scope of the term "personal injury" as previously used in the act, and provides for compensation for disabilities resulting from so-called occupational diseases. As amended by Act No. 245, Pub. Acts 1943, section 1 of part 7 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1947 Cum. Supp. § 17.220), reads in part as follows:

"The term 'personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable."

Appellants contend that pulmonary tuberculosis is an "ordinary disease" of life. In the common acceptance of the term, we think it must be so regarded. It is a matter of common knowledge that it is widespread, and that it is not limited to any particular class of individuals nor to specific localities. Illness and death resulting from it are common. The testimony of Dr. Howes, above quoted, indicates that he considers it to be an ordinary disease of life as the expression is generally used. Dr. Louis J. Bailey, sworn as a witness on behalf of defendants, expressed the same view. Obviously neither medical expert was undertaking to interpret the provision of the statute above quoted, but, rather, to voice an individual opinion based on experience and familiarity with the disease.

The supreme court of Illinois in *Western Foundry Co.* v. *Industrial Commission,* 384 Ill. 420 (51 N. E. [2d] 466), had occasion to construe a provision of the workmen's occupational disease act of that State, reading as follows:

"Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where the said diseases follow as an incident of an occupational disease as defined in this section." *

In reversing an award, it was said:

"We do not think it could reasonably be said that pulmonary tuberculosis is other than an ordinary disease, and it is a disease to which workmen would be equally exposed outside of their employment."

From the conclusion that tuberculosis may be regarded generally as an ordinary disease, it does not necessarily follow that disability resulting therefrom is not under any circumstances compensable

---

* Ill. Rev. Stat. 1941, chap. 48, par. 172.6.

under the Michigan statute. It will be noted that the statute does not place all ordinary diseases in a noncompensable class, but, rather, those "to which the public is generally exposed outside of the employment." The evidence in this case indicates that the plaintiff was exposed in his employment to the risk of contracting tuberculosis in a far greater degree and in a wholly different manner than is the public generally. The testimony of Dr. Howes, above quoted in part, suggests that merely casual exposure to tubercle bacilli will not result in contracting pulmonary tuberculosis. Under the proofs here, it cannot be said that the public is "generally exposed" to the disease to the extent required to contract it. The record here does not disclose that plaintiff was brought in contact with any definite source of tubercle bacilli outside of his employment.

In construing the language of the statute above quoted, the basic rule of interpretation is to ascertain and give effect to the intention of the legislature in the enactment and amendment of the workmen's compensation law. Clearly it was not intended to make compensation payable under the act a substitute for health insurance. On the other hand, an intent is manifest to provide compensation for disability resulting from injury arising out of and in the course of the employment, including, under part 7, disability resulting from a disease due to the causes and conditions characteristic of and peculiar to the business of the employer. In the inclusion of the clause with reference to "ordinary diseases of life," the legislature apparently sought to prevent the payment of compensation in cases not within the purpose and spirit of the law. It was deemed expedient to place in the noncompensable class disability resulting from a disease to which the employee, as a member of the public, and the public as well, are generally exposed outside of the employ-

ment. We are, of course, bound by the provisions of the statute as enacted (*Graham v. Michigan Motor Freight Lines, Inc.*, 304 Mich. 136), but this does not mean that we may not interpret it reasonably in the light of the purpose underlying its enactment. *Smith v. City Commission of Grand Rapids*, 281 Mich. 235; *Gardner-White Co. v. State Board of Tax Administration*, 296 Mich. 225; *Sutter v. Kalamazoo Stove & Furnace Co.*, 297 Mich. 226; *Municipal Investors Ass'n v. City of Birmingham*, 298 Mich. 314; *Gerlesits v. Lakey Foundry & Machine Company*, 319 Mich. 229; *Board of Education of the City of Detroit v. Superintendent of Public Instruction*, 319 Mich. 436.

As before suggested, the proper interpretation of the statutory provision quoted requires that it be read in conjunction with the act as a whole, and particularly with provisions relating to the same specific matter. In this connection the language of section 3 of part 7, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485-3, Stat. Ann. 1947 Cum. Supp. § 17.222), is significant. Insofar as material, said section reads as follows:

"If an employee is disabled or dies and his disability or death is caused by a disease and the disease is due to the nature of the employment in which such employee was engaged and was contracted therein, he or his dependents shall be entitled to compensation for his death or for his disablement."

If, as appellants contend, the language of section 1 of part 7 is construed as barring compensation for plaintiff's disability, the above quoted provision from section 3 is scarcely in consonance therewith. We do not think, however, that the provisions in question must necessarily be read as conflicting. The nature and hazards of the employment itself are, in each instance, important factors. In the

case at bar the plaintiff, as the compensation commission found, contracted tuberculosis due to the nature of the employment and in the course of the employment. His case is clearly within the provision of section 3 above quoted. The situation here is distinguishable on the facts from *Bederin* v. *Ex-Cell-O Corp.,* 311 Mich. 334; *Hagopian* v. *City of Highland Park,* 313 Mich. 608; *Poindexter* v. *Department of Conservation,* 316 Mich. 235; *O'Neil* v. *W. R. Spencer Grocer Co.,* 316 Mich. 320. The last three cases cited involved heart ailments, and in the *Bederin Case* the disability arose from arthritis. In none was the disease involved due to the nature of the employment, and in each case the ailment was of such character that the employee, as well as the public generally, was "generally exposed outside of the employment." Like situations would ordinarily obtain in cases involving influenza, scarlet fever, small pox, diptheria and other ailments, not resulting from the nature of the employment. In the Illinois case above cited, the court, construing together the various provisions of the statute with reference to ordinary diseases, came to the conclusion that the employees of the plaintiff in error, including of course the recipient of the award, were equally exposed to pulmonary tuberculosis outside of their employment. In commenting thereon, the court concluded that "A disease does not arise out of employment if it comes from a hazard to which workingmen have been equally exposed outside of the employment."

Part 7 of the workmen's compensation law as first enacted by Act No. 61, Pub. Acts 1937, contained in section 2 thereof a schedule of occupational diseases, or conditions, disability from which should be treated as happenings of personal injuries within the meaning of the law. Tuberculosis was not included in such schedule. In *Sutter* v. *Kalamazoo Stove &*

*Furnace Co., supra,* it was pointed out that tuberculosis was "not compensable under the act." However, Act No. 245, Pub. Acts 1943, omitted the schedule, part 7, § 2, being amended to read as follows:

"The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein." (Comp. Laws Supp. 1945, § 8485-2, Stat. Ann. 1947 Cum. Supp. § 17.221).

The purpose of the amendment is scarcely open to question. It seems apparent that the legislature considered it expedient that the payment of compensation for a disability resulting from a disease should be determined on the basis of the general rules set forth in the applicable provisions of the statute, without limitation by a specific schedule. The amendment broadened the scope of part 7 of the law. *Mercatante* v. *Michigan Steel Casting Company,* 320 Mich. 542.

Each case of this kind must be determined on the basis of the facts involved. On the record here before us, we do not think that the provision in section 1 of part 7 of the workmen's compensation law, on which appellants rely, may properly be construed in such manner as to bar compensation in the instant case. Construing the provisions above quoted together and in the light of the general purpose of the act, we think it was the intention of the legislature to allow compensation for disability resulting from a disease contracted in the course of the employment and brought about by the nature of such employment and the conditions under which it was carried on. Under such circumstances the disease causing plaintiff's disability may not properly be considered as

within the scope of the language of section 1 of part 7 with reference to cases in which liability for compensation does not arise. Rather, the provisions, hereinbefore quoted, authorizing compensation for disability due to a disease contracted in the course of the employment, and resulting from the nature thereof, are applicable.

The award of the compensation commission is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.