In the Matter of the Claim of JAMES CHAMPION, Respondent, against W. & L. E. GURLEY et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Argued June 3, 1949; decided July 19, 1949.

*Herbert F. Hastings, Jr.,* and *Florence G. Mann* for appellants. There is no basis for the finding that claimant contracted an occupational disease within the meaning of paragraph 29 (formerly 28) of section 3 of the Workmen's Compensation Law. (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313; *Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285.)

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. The evidence is overwhelming that claimant contracted an occupational disease in his employment. (*Matter of Peloso* v. *D'Alessio Bros.,* 298 N. Y. 582; *Matter of Nayor* v. *Harwick Trucking Corp.,* 283 N. Y. 62; *Matter of Foster* v. *Gillinder Bros.,* 278 N. Y. 348; *Matter of Wolfe* v. *Brohman,* 285 N. Y. 635; *Matter of Moore* v. *Colonial Sand & Stone Co.,* 261 App. Div. 857; *Matter of Eckstein* v. *Loew's, Inc.,* 295 N. Y. 672; *Matter of Vanore* v. *Mary Immaculate Hosp.,* 285 N. Y. 631; *Matter of Mason* v. *Y. W. C. A. of City of N. Y.,* 271 App. Div. 1042, 297 N. Y. 1037; *Matter of Webster* v. *St. Joseph Lead Co.,* 264 App. Div. 800; *Matter of Huffman* v. *Cast Traffic Sign Corp.,* 258 App. Div. 1013.)

DYE, J. Coverage for occupational diseases within the meaning of subdivision 2 of section 3 of the Workmen's Compensation Law (L. 1920, ch. 538), as we have recently said, is not as broad or inclusive as coverage for accidental injuries (*Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285). The statute lists many such diseases by name; there are many others however not so listed and when such are contracted may be considered under the omnibus clause " any and all occupational diseases " (Workmen's Compensation Law, § 3, subd. 2, par. 28). The statute generally defines occupational diseases as " due to the nature of the corresponding employment as described in such subdivision in which such employee was engaged and was contracted therein " (Workmen's Compensation Law, § 3, subd. 2; § 39) which mean those conditions to which all employees of a class are subject and which produce the disease as a natural incident of a particular occupation as distinguished from and exceeding the hazard and risks of ordinary employment (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313) and which we

have restated with particularity as requiring " a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort " in reversing an award for disability based on tuberculosis as an occupational disease contracted by claimant from contact with a fellow bench worker (*Matter of Harman* v. *Republic Aviation Corp., supra*, p. 288). Here the board found that the thrombophlebitis suffered by claimant was an occupational disease resulting " from the nature and conditions of his employment to which all employees of his class were subject, and was not brought about by the failure of the employer to furnish a safe place to work ", that it " was a natural incident of his employment and occupation, and attached thereto a hazard which distinguished it from the usual run of occupations and was in excess of the hazard attending employment in general." While carefully following the wording of the judicial definition (see opinion, *Matter of Goldberg* v. *954 Marcy Corp., supra*) such finding may not be sustained on this record. Here the onset of the disease followed jumping down from a raised platform on which claimant's desk was temporarily located for a period of four to six weeks. This exposure to thrombophlebitis as an occupational disease, if indeed it be such, was like the exposure of the claimant to the tuberculosis suffered by a fellow bench worker in the *Harman* case (*supra*) and was not a natural incident of the occupation of inspector of surveying instruments nor can it be deemed a condition to which all instrument inspectors were commonly exposed by reason of that particular occupation. The incident described as responsible for the onset of the disease was limited to the claimant's personal, individual situation due to the temporary location of his desk on a platform. Thrombophlebitis is not a natural, common, incidental, normally to be expected, disease unavoidably resulting from the occupation of instrument inspector. It is, without going into the extensive medical description contained in the record, a disorder of the circulatory system which may come from natural causes or may result from a traumatic origin such as a strain incident to jumping, as we have here. The medical testimony affords causal connection, but this of itself does not supply proof adequate to establish the thrombophlebitis suffered by the claimant here as an occupational disease within the accepted definition of its meaning (*Matter of Goldberg* v. *954*

*Marcy Corp., supra; Matter. of Harman* v. *Republic Aviation Corp., supra,* and cases cited therein; cf. *Matter of Peloso* v. *D'Alessio Bros.,* 298 N. Y. 582; *Nayor* v. *Harwick Trucking Corp.,* 283 N. Y. 62; *Matter of Foster* v. *Gillinder Bros.,* 278 N. Y. 348; *Matter of Wolfe* v. *Brohman,* 285 N. Y. 635). It is proof of the underlying elements that opens the way for a finding of ultimate fact. Lacking such proof, a finding of ultimate fact even though affirmed, may not be approved and a determination based thereon must be annulled.

The order of the Appellate Division should be reversed, without costs,· the determination of the Workmen's Compensation Board annulled, and the claim remitted to the board for further proceedings not inconsistent with the opinion herein.

FULD, J. (dissenting). I agree that the evidence fails to spell out an occupational disease, and, since there is no basis for a finding that the disability was the result of an accidental injury, I favor dismissal of the claim rather than a remission to the board.

The rule enunciated by this court in *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153, 155) makes it plain that, for a disease to be classed as an accidental injury, it "must be assignable " not only " to a determinate or single act, identified in space or time," but also " to something catastrophic or extraordinary." (See, also, *Matter of Woodruff* v. *Howes Constr. Co.,* 228 N. Y. 276, 278.) Claimant's disability possesses neither of those characteristics.

With both occupational disease and accidental injury eliminated as possible predicates for an award of compensation, there is no purpose to be served by remitting the matter to the board. The order should be reversed and the claim dismissed.

LEWIS, CONWAY and DESMOND, JJ., concur with DYE, J.; FULD, J., dissents in opinion in which LOUGHRAN, Ch. J., and BROMLEY, J., concur.

Order reversed, etc.