In the Matter of the Claim of MARGARET M. BUCKLEY, Respondent, against GALLAGHER BROS. SAND & GRAVEL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued March 1, 1950; decided April 13, 1950.

*Charles P. Barre* for appellants. Contraction of tuberculosis from a fellow employee does not constitute an occupational disease within the meaning of section 28 of the Workmen's Compensation Law. (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285; *Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313; *Matter of Champion* v. *Gurley*, 299 N. Y. 406.)

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. The evidence established that claimant contracted an occupational disease in her employment. (*Matter of Schwartz* v. *Jacobs Bros. Co.*, 271 N. Y. 640; *Matter of Hamilton* v. *Village of Lynbrook*, 284 N. Y. 613; *Matter of Mason* v. *Y. W. C. A. of City of N. Y.*, 271 App. Div. 1042; *Matter of Peloso* v. *D'Alessio Bros.*, 298 N. Y. 582; *Matter of Wolfe* v. *Brohman*, 285 N. Y. 635; *Matter of Eckstein* v. *Loew's, Inc.*, 295 N. Y. 672; *Matter of Vanore* v. *Mary Immaculate Hosp.*, 285 N. Y. 631; *Matter of Foster* v. *Gillinder Bros.*, 278 N. Y. 348; *Matter of Nayor* v. *Harwick Trucking Corp.*, 283 N. Y. 62; *Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313; *Matter of Moore* v. *Colonial Sand & Stone Co.*, 261 App. Div. 857.)

*Per Curiam.* There was no evidence that claimant became disabled as the result of her duties as a telephone operator. The tuberculosis contracted by her while serving as bookkeeper was not an occupational disease within the meaning of subdivision 2 of section 3 of article 1 of the Workmen's Compensation Law. The disease resulted not as an incident to claimant's occupation but from the fact that she worked alongside a tubercular coemployee who was also a bookkeeper. It was the coemployee and not the occupation which caused the disease. (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285; *Matter of Champion* v. *Gurley*, 299 N. Y. 406.)

The order of the Appellate Division and the award of the Workmen's Compensation Board should be reversed, with costs

in this court and in the Appellate Division, and the claim dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.