Accordingly, the ruling heretofore made as to the validity of the mortgages must be adhered to.

**WOMEN'S DIVISION OF CHRISTIAN SERVICE OF THE BOARD OF MISSIONS AND CHURCH EXTENSION OF THE METHODIST CHURCH v. ALASKA INDUSTRIAL BOARD.**

No. 6390–A.

District Court, Alaska. First Division. Juneau.
Jan. 18, 1951.

R. E. Robertson, Juneau, John E. Manders, Anchorage, for plaintiffs.

J. Gerald Williams, Atty. Gen. of Alaska, John H. Dimond, Asst. Atty. Gen. of Alaska, Wm. L. Paul, Jr., Juneau, for defendants.

FOLTA, District Judge.

This is a proceeding to set aside an award of the Industrial Board to Wilbur Siviia for temporary total disability for the period March 30, 1949–January 13, 1950.

The employer and insurer contend (1) that it was not shown that the disease was traceable to some accident or fortuitous event or resulted from the occupation; and (2) that tuberculosis is not compensable.

The contention that no accident or fortuitous event was shown is without merit in view of the definition of personal injury as including any disease proximately caused by the employment which is due to causes and conditions that are characteristic of and peculiar to a particular trade, occupation, process or employment, Section 43-3-38, A.C.L.A. 1949.

Siviia was employed as a janitor in the Seward Sanitarium, a tuberculosis hospital, from September 19, 1948 to March 30, 1949. His duties required him to clean floors and corridors in wards, offices and dining rooms and to dust and clean utility and bath rooms. Although an X-ray

examination of Siviia on October 7, 1948 revealed no abnormal condition, an examination made on March 26, 1949 revealed the presence of active pulmonary tuberculosis, for which he was hospitalized from March 30, 1949 to January 13, 1950, when he was discharged. The Board found that the disease was proximately caused by the employment in the sense that it was due to causes and conditions characteristic and peculiar thereto. The Court cannot find that this inference is without support in the evidence, from which it follows that tuberculosis contracted under the circumstances here disclosed, is compensable. Mills v. Detroit Tuberculosis Sanitarium, 323 Mich. 200, 35 N.W.2d 239; Lyden v. United Hospital, 275 App.Div. 877, 88 N.Y.S. 2d 743; Milwaukee County v. Industrial Commission, 224 Wis. 302, 272 N.W. 46. Although it was argued that the statute involved in the first case cited had undergone amendment and therefore differed from the local act, I find that they are practically identical. The case of Libby McNeill & Libby v. Alaska Industrial Board, 11 Alaska 327, is readily distinguishable on the facts.

The award is, therefore, affirmed.