**BOARD OF NATIONAL MISSIONS OF PRESBYTERIAN CHURCH IN UNITED STATES OF AMERICA et al. v. ALASKA INDUSTRIAL BOARD et al.**

No. 6888–A.

District Court, Alaska
First Division, Juneau.

Nov. 27, 1953.

626

R. E. Robertson, Juneau, Alaska, for plaintiff.

Robert Boochever, Juneau, Alaska, for defendant Mulholland.

FOLTA, District Judge.

This is an appeal by the employer and its insurer from an award to the claimant Mulholland, made under the Workmen's Compensation Act, which authorizes compensation for any

"Injury by accident arising out and in the course of employment, including any disease proximately caused by the employment, which is due to causes and conditions that are characteristic of and peculiar to a particular trade, occupation, process or employment, and to exclude (sic) all ordinary diseases of life to which the general public are exposed." A.C.L.A.1949, § 43–3–38.

The Board found

"That the applicant contracted the disease of tuberculosis arising out of and in the course of his employment, either as an accidental injury due to the invasion of the tuberculosis germs by reason of his contact with persons proved to have been suffering from active tuberculosis, or in the alternative, as an occupational disease due to conditions peculiar to his employment as missionary pastor at Metlakatla which caused him to be exposed to the disease to a greater extent than is the general public."

The facts are not in dispute, but there is a sharp disagreement over the inferences to be drawn therefrom and the legal effect thereof.

The uncontradicted answers of Mulholland to interrogatories show that he was employed by the plaintiff and served as a missionary pastor in Metlakatla, Alaska, from August 8, 1949, to June 1, 1951, and in Ketchikan from June 1, 1951 to September 20, 1951. During this period Mulholland supplemented his income for brief periods by working for the Alaska Native Service, the Annette Island Canneries, the New England Fish Company, and the Ketchikan Spruce Mill. These were casual jobs of short duration, held usually during vacations.

Shortly before coming to Alaska, Mulholland was x-rayed and found to be free from tuberculosis. In the course of his employment as a missionary in Metlakatla he was obliged to come into close contact with persons suffering from active tuberculosis. He conducted funerals and consolation services in crowded homes, containing persons afflicted with active tuberculosis, held weekly prayer meetings with such persons, gave religious counseling in their homes, visited tubercular patients in the hospitals, used a telephone in common with those now known to have had active tuberculosis, and traveled between his churches in Metlakatla and Ketchikan in boats crowded with passengers, many of whom had active tuberculosis. In short, Mulholland was in such close association with them as is typical of one engaged in such a calling.

About six months after Mulholland left Alaska, he was disabled by tuberculosis. He sought compensation under the provisions of the Alaska Workmen's Compensation Act, Sec. 43–3–1 to 43–3–39, A.C.L.A.1949, and was granted the award now in controversy, the full Board finding the facts to be substantially as set out above.

Plaintiffs attack the award on several grounds:

(1) That there was no competent evidence to support the Industrial Board's findings and award;

(2) That Mulholland's disability was not caused by an injury by ac-

cident arising out of and in the course of his employment as a missionary; and

(3) That tuberculosis is not an occupational disease under the Alaska statute but is rather an ordinary disease of life to which the general public is exposed.

One of the questions presented concerns the scope of review under Sec. 43–3–22, A.C.L.A.1949, in the light of Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; N. L. R. B. v. Pittsburgh S. S. Co., 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479; and O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. The remaining question is whether, under the facts of this case, tuberculosis is: (a) An injury by accident; (b) An occupational disease; or (c) Neither (a) nor (b) but rather an ordinary disease of life to which the general public is exposed.

### 1. Scope of Review

 Even though it may be argued that the decisions of the Supreme Court, supra, enunciating the rule that in reviewing the findings of an administrative tribunal subject to the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., the Court must examine the entire record to ascertain whether there is substantial evidence to support the findings of such a tribunal, I am of the opinion that this criterion should in the interest of justice be applied in reviewing the decisions of the Alaska Industrial Board. The whole record now before me includes interrogatories and answers thereto, depositions and letters of various physicians concerning the probability or improbability that the defendant contracted his disabling illness in Metlakatla, which though hearsay, may nevertheless be considered, provided that the award is not based wholly on hearsay. Libby, McNeil & Libby v. Alaska Industrial Board & Lathourakis, 12 Alaska 584, affirmed, 191 F.2d 262, certiorari denied, 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683. Looking at the entire record, I am convinced that the findings of the Industrial Board are supported by substantial evidence, and hence are binding on this Court. Sec. 43–3–22, A.C.L.A.1949; O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir., 200 F.2d 633; Contractors v. Pillsbury, 9 Cir., 150 F.2d 310.

### 2. Tuberculosis as a Compensable Disease.

Plaintiffs contend that tuberculosis does not come within Sec. 43–3–38, A.C.L.A.1949, because it is neither an injury by accident nor an occupational disease, but is rather an ordinary disease of life to which the general public is exposed and hence is noncompensable.

Although support may be found for the proposition that the contraction of tuberculosis in this case might be an injury by accident, Larson, Workmen's Comp. Law, Sec. 38.80–38.83, 40.30, 42.00 et seq., either on the theory of unusual exposure, Libby, McNeil & Libby v. Alaska Industrial Board and Chutuk, 11 Alaska 327, or unexpected result, Industrial Commission v. Corwin Hospital, 126 Colo. 358, 250 P.2d 135; Goldberg v. 954 Marcy Corp., 276 N.Y. 313, 12 N.E.2d 311, it is not necessary to discuss this point because in my opinion the authorities sustain the proposition that, under facts of the kind here dealt with, tuberculosis is an occupational disease.

 At this point it should be noted that the Industrial Board's award is couched in the alternative. Where both "injury by accident" and occupational disease are compensable, as they are in Alaska, it is unnecessary to determine whether the disease complained of is one or the other. A finding either way supports an award. Contractors v. Pillsbury, 9 Cir., 150 F.2d 310; Zucchi's case, 310 Mass. 130, 37 N.E.2d 514. Indeed it has been stated that with the diminishing contrast between accidental and occupational diseases, awards are frequently made without specifying the category

into which the injury falls. Larson, Workmen's Comp.Law, Sec. 41.00 et seq.

■ Before turning to the question whether tuberculosis is an occupational disease, it may be well to answer plaintiff's contention that tuberculosis is an ordinary disease of life and thus non-compensable. Western Foundry Co. v. Industrial Commission, 384 Ill. 420, 51 N.E.2d 466. This precise contention is well answered in Mills v. Detroit Tuberculosis Sanitarium, 323 Mich. 200, 35 N.W.2d 239, 242, as follows:

"From the conclusion that tuberculosis may be regarded generally as an ordinary disease, it does not necessarily follow that disability resulting therefrom is not under any circumstances compensable under the Michigan statute. It will be noted that the statute does not place all ordinary diseases in a non-compensable class, but, rather, those 'to which the public is generally exposed outside of the employment'. The evidence in this case indicates that the plaintiff was exposed in his employment to the risk of contracting tuberculosis in a far greater degree and in a wholly different manner than is the public generally. * * * "

It was also dealt with in Women's Division of Christian Service of the Board of Missions and Church Extension of the Methodist Church v. Alaska Industrial Board and Siviia, 13 Alaska 166. It would appear, therefore, that tuberculosis may be compensable if it is either an injury by accident and causally related to the employment or an occupational disease.

■ Turning to the authorities, much support may be found for holding Mulholland's disability to be occupational because of the increased risk of infection brought about by his employment as a missionary. Vanore v. Mary Immaculate Hosp., 260 App.Div. 820, 22 N.Y.S.2d 350; Quallenberg v. Union Health Center, 280 App.Div. 1029, 117 N.Y.S.2d 24; Miller v. City of New York, 257 App.Div. 1092, 14 N.Y.S.2d 680; Mills v. Detroit Tub. San., 323 Mich. 200, 35 N.W.2d 239; Milwaukee County v. Industrial Comm., 224 Wis. 302, 272 N.W. 46; Women's Div., etc., v. Alaska Industrial Bd. and Siviia, supra. Moreover, it is probable that the general community of Metlakatla is more resistant to tuberculosis than was defendant in view of the fact, of which the Court takes judicial notice, that the incidence of tuberculosis in Alaska is 10 times that of the national average, so that it could reasonably be found that he was more susceptible and exposed more frequently to the disease than was the general public. Pacific Employers Ins. Co. v. Industrial Acc. Comm., 19 Cal.2d 622, 122 P.2d 570, 141 A.L.R. 798; Roe v. Boise Grocery Co., 53 Idaho 82, 21 P.2d 910; Larson, Workmen's Comp.Law, Secs. 41.40, 41.50, 41.-62.

The plaintiffs have attempted to overcome the force of the authorities cited in defendants' brief by pointing out factual differences. While it must be conceded that some of the cases are distinguishable on their facts, Evans v. Chevrolet Motor Co., 232 Mo.App. 927, 105 S.W.2d 1081; Le Lenko v. Wilson H. Lee Co., 128 Conn. 499, 24 A.2d 253; Mac Rae v. Unemployment Comp. Comm., 217 N.C. 769, 9 S.E.2d 595; Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, certiorari denied, 308 U.S. 570, 60 S.Ct. 83, 84 L.Ed. 478; Lyden v. United Hospital, 275 App.Div. 877, 88 N.Y.S.2d 743; Brown-Pacific-Maxon, Inc., v. Cardillo, D.C., 91 F.Supp. 968; Contractors v. Pillsbury, 9 Cir., 150 F.2d 310; they nevertheless state the applicable principles of law and thus furnish strong analogical support for holding tuberculosis to be an occupational disease in this case.

The cases relied on by plaintiffs to show this Court that tuberculosis under the facts of this case is nonoccupational appear to be readily distinguishable. Thus Harman v. Republic Aviation Corp., 298 N.Y. 285, 82 N.E.2d 785, 786, involved a foreman's assistant who worked in a clean and well ventilated tool and

rig shop, assigning the men tasks and checking their work. His duties brought him into close contact with a fellow-employee who had active pulmonary tuberculosis. Harman developed tuberculosis. His claim for compensation was denied. The Court of Appeals of New York squarely stated the issue to be:

"* * * whether a communicable disease—which the board acknowledges would include measles or even a common cold—contracted from a fellow-employee is to be deemed an 'occupational disease' and compensable under the Workmen's Compensation Law."

and held that Harman's exposure to tuberculosis was not a natural incident of the occupation. In Buckley v. Gallagher Bros. Sand & Gravel Corp., 300 N.Y. 447, 92 N.E.2d 38, clarifying its decisions, the Court said,

"There was no evidence that claimant became disabled as the result of her duties as a telephone operator. The tuberculosis contracted by her while serving as bookkeeper was not an occupational disease * * *. The disease resulted not as an incident to claimant's occupation but from the fact that she worked alongside a tubercular co-employee who was also a bookkeeper. It was the coemployee and not the occupation which caused the disease."

From this it would appear that the rule of the Harman case is limited to contagious diseases contracted from fellow-employees. Especially significant, in this connection, is the concurrent narrowing of the coverage for occupational diseases and the expansion of the coverage for diseases as accidental injuries. Masse v. James H. Robinson Co., 301 N.Y. 34, 92 N.E.2d 56; Champion v. W. & L. E. Gurley, 299 N.Y. 406, 87 N.E.2d 430. In any event, it is clear that the Harman case is not persuasive authority in the case at bar.

A review of all the authorities cited by plaintiffs and defendants leads me to the conclusion that, under the facts as found in this case, Mulholland's tuberculosis must be held to be an occupational disease. See also Bondar v. Simmons Co., 23 N.J.Super. 109, 92 A.2d 642, and Stepnowski v. Specific Pharmaceuticals, Inc., 18 N.J.Super. 495, 87 A. 2d 546, for a statement of the better reasoned view. Necessarily, this conclusion implies the existence of a causal connection.

Accordingly, the decision of the Alaska Industrial Board is affirmed.