GILBERT PACIFIC, INC., Employer, and Commercial Insurance Company of Newark, New Jersey, Insurance Carrier, Plaintiffs,

P. J. DONOVAN, Deputy Commissioner, United States Department of Labor, Bureau of Employees Compensation, Seventh Compensation District, Defendant.

Civ. A. No. 11034.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 9, 1961.

Adams & Reese, Henry B. Alsobrook, Jr., New Orleans, La., for plaintiffs.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Mrs. Katusha Bradford, a resident of New Orleans, went to the Orient as a civilian employee of the United States in 1946. She did clerical work for the government at a variety of posts in Japan, Iwo Jima and Korea until 1956. In 1956 she left her job with the United States and was employed by Gilbert Pacific, Inc. as a secretary on Okinawa. Among her duties was the fingerprinting of some eight hundred Okinawan employees of Gilbert Pacific. On April 30, 1959, after a period of weight loss and intermittent coughing, Mrs. Bradford submitted to a physical examination and was found to have tuberculosis. She entered the United States Army Hospital on Okinawa and was subsequently returned to New Orleans, Louisiana, where she is presently hospitalized.

Mrs. Bradford made claim for compensation against Gilbert Pacific, Inc. under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable to certain defense base areas and elsewhere by the Defense Base Act of August 16, 1941. 42 U.S.C.A. §§ 1651–1654. The Deputy Commissioner granted an award to Mrs. Bradford on the grounds that "claimant contracted tuberculosis arising out of and during the course of her employment with Gilbert Pacific, Inc., during the period from March 27, 1956 to May 29, 1959, inclusive, because of her exposure to other employees suffering from the same illness."

Gilbert Pacific seeks to enjoin the payment of this award on the grounds that the Findings of Fact were unsupported by substantial evidence, that certain evidence was ignored, and that, in any event, this award is at variance with the law. The primary issue before the court on this motion to dismiss filed by the United States is whether there is substantial evidence to support the Findings of Fact, and, if so, whether disease contracted from a co-employee comes within the coverage of the Act.

▇ The most relevant findings of fact made by the Commissioner directed to the cause of Mrs. Bradford's illness may be stated briefly. She had received a medical examination before leaving for the Orient which showed no active tuberculosis. During her ten years with the United States government, she and her co-employees were x-rayed at periodic intervals. Her direct contact with Orientals other than co-employees was minimal. During her three years with Gilbert Pacific she was in close contact with Okinawan co-employees who were not subjected to x-ray control, her employer

neither offering nor requiring this protection. In fact, one of her major roles at Gilbert Pacific was the fingerprinting of these Okinawan employees. Her outside contact with Orientals was approximately the same as when she was with the United States government. Statistics indicated that the tuberculosis rate on Okinawa during her employment was from four to eight times greater than in New Orleans. Three specific cases of tuberculosis among Okinawan co-employees were proven. Medical testimony indicated that Bradford's tuberculosis was activated anywhere from six or nine months to three years before it was discovered. In her youth Mrs. Bradford apparently had tuberculosis without being aware of it, but it was obviously quiescent until the time periods in suit.

▇ The scope of the District Court's review of administrative factual determinations is, of course, severely limited. Only when substantial evidence in the record viewed as a whole is lacking may the court upset the Commissioner's findings.[1] Inferences and probabilities are the province of the Commissioner and the court may not intrude.[2] Even when a contrary possibility commends itself to the court on the facts presented, the court must abide by the Commissioner's choice if his choice is supported by substantial evidence.[3]

Plaintiff's main thrust is against the Commissioner's finding of meaningful contact between Bradford and the three infected Okinawans. But this isolated attack disregards the total findings of the Commissioner.[4] The Commissioner found intense contact between Bradford and some eight hundred persons of a class whose incidence of tuberculosis was four to eight times greater than Bradford's

1. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

2. Cardillo v. Liberty Mutual Co., 330 U.S. 469, 477, 67 S.Ct. 801, 91 L.Ed. 1028; Contractors v. Pillsbury, 9 Cir., 150 F. 2d 310.

3. Cardillo v. Liberty Mutual Co., supra, 330 U.S. 478, 67 S.Ct. 801.

4. The Supreme Court makes it clear that the "substantial evidence" must be drawn from "the record considered as a whole." O'Leary v. Brown-Pacific-Maxon, supra, 340 U.S. 508, 71 S.Ct. 472. (Emphasis added.)

normal environment. This finding is not even attacked. Supported as it is by substantial evidence, it alone is sufficient to support the award.[5] Moreover, contrary to plaintiff's suggestion, there is no indication that the Commissioner overlooked Bradford's prior tubercular condition since he specifically noted it in his Findings of Fact. Quite apart from such finding, it is well settled that aggravation of a pre-existing condition is compensable.[6] The Commissioner's report is thorough, complete, and well documented. This court finds that there was substantial evidence to support the Commissioner's Findings of Fact.

The only novel proposition advanced by plaintiff is that contraction of tuberculosis from a co-employee is not an injury arising out of and during the course of employment as contemplated by the Act. Plaintiff points to three cases in which compensation was denied a claimant infected by his co-employees. The first of these cases, Dansky v. Cardillo,[7] is inapposite since it involved affirmance of a Commissioner's finding that claimant had very little contact with the tubercular employee, and hence, as a matter of fact, did not contract tuberculosis from a co-employee. If anything, Dansky is authority for this court's holding that it should not overturn the factual findings of the Commissioner. The two New York cases[8] are inapposite for the reason that the New York statute, after which our own federal statute is modeled, is restricted to "occupational diseases," whereas coverage under the federal Act is not so limited.[9]

However, the argument advanced by the employer is not wholly without merit. The federal Act does not purport to compensate employees who are simply sick or injured.[10] The act purports to compensate employees of particular employers whose sickness or injury "arises naturally out of" their employment. Beyond the limits of the Act, the worker may not be compensated. The New York courts and plaintiff suggest that the simple fact that an employee is infected by a co-employee in no way reflects on the "employment" of the employee. Any other interpretation, says the plaintiff, would make every common cold compensable. While plaintiff is faced with a formidable array of cases granting compensation for contraction of tuberculosis,[11] it maintains that the infection therein came from the peculiar "employment" of the claimant and not from the simple association with fellow employees.

But here this court is not called upon to decide whether the Act covers the sim-

5. Travelers Insurance Company v. Donovan, 95 U.S.App.D.C. 331, 221 F.2d 886; Todd Dry Docks v. Marshall, 9 Cir., 61 F.2d 671; Board of National Missions of Presbyterian Church In U. S. of America v. Alaska Industrial Bd., D.C. Alaska, 116 F.Supp. 625.

6. Contractors v. Pillsbury, supra; Grain Handling Co. v. Sweeney, 2 Cir., 102 F. 2d 464.

7. D.C.D.C., 40 F.Supp. 336.

8. Buckley v. Gallagher Bros. Sand & Gravel Corp., 300 N.Y. 447, 92 N.E.2d 38; Harman v. Republic Aviation Corporation, 298 N.Y. 285, 82 N.E.2d 785.

9. The federal Act covers injury "arising out of and *in the course of employment*, and such *occupational* disease or infection as *arises naturally out of such employment* * * *" 33 U.S.C.A. § 902(2). (Emphasis added.) See Todd

Dry Docks v. Marshall, supra, 61 F.2d 673:
   "The question [scope of 'injury'] is not concluded by the decisions of the New York courts, because the statute in the respects under consideration differs from the New York [Act], from which, in the main, our [Act] is taken."
   See also Harman v. Republic Aviation Corporation, supra.

10. "It is indeed necessary not to extend the statute so as to make it a general health insurance * * *" Grain Handling Co. v. Sweeney, supra, 102 F.2d 465.

11. Contractors v. Pillsbury, supra; Grain Handling Co. v. Sweeney, supra; Board of National Missions of Presbyterian Church In U. S. of America v. Alaska Industrial Bd., supra; Brown-Pacific-Maxon Co. v. Cardillo, D.C.S.D.N.Y., 91 F.Supp. 968; Lockheed Overseas Corporation v. Pillsbury, D.C.S.D.Cal., 52 F. Supp. 997.

ple case of infection by co-employees. Mrs. Bradford was, for all practical purposes, in the personnel branch of Gilbert Pacific. A considerable part of her job was contacting and fingerprinting Okinawan employees. In short, the theme of her employment was co-employee contact, contact with employees afflicted with a tuberculosis rate from four to eight times greater than that to which she had previously been exposed. While the particular circumstances of this case may be unusual, the legal basis for coverage under the Act is well defined.

In Grain Handling Co. v. Sweeney, supra, 102 F.2d 465, Judge Learned Hand articulated the occupational disease and infection coverage of the Act: "In order to recover a workman must be exposed to hazards greater than those involved in ordinary living, and the disease must arise from one of these." In Grain Handling the employee contracted tuberculosis by excessive exposure to grain dust in his job as a grain scooper in the hold of a ship and was granted compensation. The claimant in Todd Dry Docks v. Marshall, supra, while making repairs on a ship, was placed in the proximity of ship's passengers suffering from spinal meningitis. In granting compensation for the disease so contracted, the Ninth Circuit adopted the following language of the Indiana Appellate Court: " * * it is generally accepted that a disease, which is not the ordinary result of an employee's work, reasonably to be anticipated as a result of pursuing the same, but contracted as a direct result of unusual circumstances connected therewith, is to be considered an injury by accident, and comes within the provisions of acts providing for compensation for personal injury so caused." (Quoted from United Paperboard Co. v. Lewis, 65 Ind.App. 356, 117 N.E. 276, 277.) In Todd Dry

Docks, the infected passengers were not the concern of the claimant or his employer, but his work necessarily brought him within the ambit of danger created by them.

Compensation was granted under the similar provisions of the Alaska Workmen's Compensation Statute [12] in Board of National Missions v. Alaska Industrial Bd., supra, to a minister whose duties brought him in contact, not only with numerous persons actually suffering from tuberculosis, but also with a general population whose tuberculosis incidence was ten times as high as that to which he was accustomed.[13] There, 116 F.Supp. at page 628, the court concluded that "tuberculosis may be compensable if it is either an injury by accident and causally related to the employment or an occupational disease." The court went on to find that tuberculosis was an occupational disease.

Mrs. Bradford, in the present case, was exposed to a tuberculosis rate almost equal to that in Board of National Missions and was likewise compelled to deal with persons actually infected with the disease. Moreover, her personal contact with these infected persons was more closely connected with her work than in Todd Dry Docks. Additionally, she was exposed to the increased hazard referred to by Judge Hand in Grain Handling, and the Commissioner found that she contracted the disease from that increased hazard.

Neither the court nor the Commissioner is compelled to choose which particular phrase of Section 902(2) grants coverage.[14] In the present posture of the case, it would seem that Mrs. Bradford's tuberculosis was either an occupational disease as defined in Board of National Missions, or a disease arising naturally out of such employment as applied in Todd Dry

---

12. A.C.L.A.1949, § 43–3–38.

13. See also Travelers Insurance Company v. Donovan, supra, in which a stenographer in Japan who processed Japanese war brides was granted compensation for contraction of tuberculosis. The court took notice of the increased incidence of tuberculosis in Japan over Washington, D. C., claimant's prior residence.

14. Contractors v. Pillsbury, supra; Grain Handling Co. v. Sweeney, supra; Board of National Missions v. Alaska Industrial Bd., supra.

Docks, or an injury arising out of or in the course of employment as applied in Contractors. In any event, Gilbert Pacific, Inc. placed Mrs. Bradford in an atmosphere of greatly increased tubercular exposure in the course of performing her duties under her employment. She contracted tuberculosis as a result thereof. It is clear that the Act grants compensation in this instance. The award should be affirmed. The motion to dismiss is granted.

Judgment accordingly.