In the Matter of the Claim of JULIUS PAIDER, Respondent, *v.* PARK EAST MOVERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 14, 1966.

*Bernard F. Farley* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Thomas J. Scacco* for claimant-respondent.

GIBSON, P. J. Appeal is taken by the employer and its insurance carrier from a decision whereby claimant, a truck driver, was awarded for disability caused by pulmonary tuberculosis found to be an occupational disease " due to the nature of the employment " in that, while driving, claimant was confined in the cab of a truck which was " an instrument in bringing claimant in contact with and exposing him to a co-worker who had tuberculosis and who would be coughing in the cab in claimant's presence, sometimes coughing directly toward claimant ", and that, as a result, claimant contracted tuberculosis " due to the employment exposure ".

This was not, however, exposure of the nature contemplated by the rules which have evolved in occupational disease cases. Exposure to tubercular patients is an occupational hazard of the nurses engaged in their care and treatment; but is not ordinarily an incident of, and certainly is not peculiar to the occupation of truck driver, any more than to the vast number of employments which bring employees into somewhat close

contact in motor vehicles or in small rooms or other relatively confined spaces; and thus tuberculosis is not attached to the occupation of truck driver as " a hazard which distinguishes it from the usual run of occupations and is in excess of the hazard attending employment in general." (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 288.) In the *Harman* case cited, the Court of Appeals reversed an award predicated on the board finding that tuberculosis contracted through claimant's contact with a fellow bench worker in an aircraft factory was an occupational disease. In another tuberculosis case which shortly followed *Harman*, the court said: " The disease resulted not as an incident to claimant's occupation but from the fact that she worked alongside a tubercular coemployee who was also a bookkeeper. *It was the coemployee and not the occupation which caused the disease.*" (*Matter of Buckley* v. *Gallagher Bros. Sand & Gravel Corp.*, 300 N. Y. 447, 448; emphasis supplied.)

Respondents contend, however, that this case is not governed by *Harman* and the cases that followed it; but rather by the *Mason* case, in which tuberculosis was contracted by a telephone switchboard operator through her use of a close-fitting mouthpiece infected by her coworker, and by the *Hovancik* case in which a laboratory technician contracted the disease from another technician suffering from active tuberculosis, as a result of their common use of a pipette. (*Matter of Mason* v. *Y. W. C. A. of City of N. Y.*, 271 App. Div. 1042, mot. for lv. to app. den. 297 N. Y. 1037; *Matter of Hovancik* v. *General Aniline & Film Corp.*, 8 A D 2d 171.) It is clear, however, that, unlike *Harman* and *Buckley* and, indeed, the case now before us, the *Mason* and *Hovancik* cases involved transmission of the disease by oral contact with instruments which were necessarily incidental to, and largely peculiar to the respective employments concerned. No such " special hazard " as was found in the use of the pipette in *Hovancik* (*supra*, p. 173) can reasonably be attributed to the use in industry of automobile trucks equipped with cabs. There seems to us no support, in the record or in reason, for the board's finding that the truck cab was an " instrument " of transmission in the sense that the switchboard operator's telephone mouthpiece and the chemist's pipette were such. The *Mason* case has been well and explicitly distinguished from *Harman* " because the agent of transmission of the disease was the instrument with which claimant worked rather than direct contact with the fellow employee." (*Matter of Griffin* v. *Griffin & Webster*, 283 App. Div. 145, 149, per BERGAN, J., mot. for

64

lv. to app. den. 306 N. Y. 984.) The "distinctiveness of the mechanism of transmission" present in the "enforced use of a close-fitting mouthpiece [as] an inherent part of the job" (1 Larson, Workmen's Compensation Law, § 41.40, pp. 605–606) is not to be found in the truck cab occupied by the truck driver and his helper while making deliveries.

The decision should be reversed and the claim dismissed.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.