**LOCKHEED OVERSEAS CORPORATION et al. v. PILLSBURY, Deputy Com'r of United States Employees' Compensation Commission for 13th Dist. et al.**

Civ. No. 2861–M.

District Court, S. D. California, Central Division.

Sept. 28, 1943.

J. L. Kearney, of Los Angeles, Cal., for plaintiffs.

Charles H. Carr, U. S. Atty., and James L. Crawford and Clyde C. Downing, Asst. U. S. Attys., both of Los Angeles, Cal., for defendant Warren H. Pillsbury.

McCORMICK, District Judge.

Complainants seek to enjoin the enforcement of an award made on March 12, 1943, by the Deputy Commissioner of the United States Employees' Compensation Commission for the 13th District in favor of Robert B. Strand.

The injunction is sought under the extended authority of Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), as incorporated in an Act of August 16, 1941, 42 U.S.C.A. §§ 1651 to 1654, inclusive.

Complainants contend that the evidence taken in the proceedings before the Deputy Commissioner fails to support the order and award aforesaid, and that as a consequence it is violative of the Fifth Amendment of the Constitution of the United States as an attempt to deprive complainants of their property without due process of law.

Examination of the transcript of testimony taken before the Deputy Commissioner and the evidence transmitted with the certificate of the Deputy Commissioner, as well as the findings of fact of the Deputy Commissioner, discloses the following: Defendant Strand on or about May 19, 1942, after a pre-employment X-ray examination by complainant Lockheed which showed healed pulmonary pathology or quiescent pulmonary tuberculosis, was employed by complainant Lockheed Overseas Corporation (hereinafter called Lockheed). Defendant Strand had been working continuously for Lockheed Corporation since January, 1941, as a gee man in tooling. He had passed his physical examination for entrance into the Navy just before his pre-employment X-ray examination by Lockheed. Strand was thereafter sent outside of the continental United States by Lockheed to work at a military base situated near Great Britain. While en route to said base he sustained a heavy cold aboard ship, which was caused and aggravated by crowded conditions aboard the vessel and the prevalence of respiratory infections among the men rooming in such crowded quarters of the ship with Strand. Thereafter, in England, defendant Strand's cold became worse, due to changes in climate to which Strand was not accustomed, and inability of defendant's physicians at the base to make proper examination within reasonable time because of nonarrival of necessary equipment, and after arriving at a permanent military base where defendant worked digging ditches, carrying bags of cement in erecting pre-fabricated steel for houses; after about a week of this hard work he began to have pains about the chest and a feeling of fatigue. Subsequent examinations abroad by a physician employed by Strand revealed the presence of active pulmonary tuberculosis. This condition was subsequently confirmed by physical examinations of Strand upon his return to the United States, where he was returned by Lockheed upon his becoming disabled in Lockheed's employ overseas.

Upon this showing the Deputy Commissioner found in the order complained of that while performing service for his employer defendant Strand became wholly disabled by the development of an active tuberculosis caused or exacerbated into activity by the condition previously mentioned, and the Deputy Commissioner awarded Strand $257.14 forthwith as of January 5, 1943, less, however, the sum of $35 to be deducted therefrom and paid to claimant's attorney Thomas D. Mercola as his attorney's fees, and the Deputy Commissioner further awarded Strand the sum of $25 a week in installments each two weeks beginning with January 6, 1943, until the further order of the Deputy Commissioner.

■■ The findings of the Deputy Commissioner regarding circumstances, nature, extent and consequences of injuries or disabilities are conclusive on this court

999

if substantially supported by the record, and a District Court in reviewing the findings of a Deputy Commissioner is precluded from weighing the evidence and may only inquire into the existence of the evidence to support the findings. The court cannot substitute its independent findings for those of the Deputy Commissioner. South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522, affirmed by the Supreme Court of the United States, 309 U.S. 251, 60 S.Ct. 544, 87 L.Ed. 732; Fidelity & Casualty Co. of New York v. Henderson, 5 Cir., 128 F.2d 1019; Williams v. American Employers' Ins. Co., 71 App. D.C. 153, 107 F.2d 953; Henderson v. Jones, 5 Cir., 110 F.2d 952.

It cannot be said under the record before us that there is no substantial evidence to support the findings and award of the Deputy Commissioner.

Findings and decree denying injunction and dismissing this proceeding ordered with costs to defendants. Defendants' attorney to prepare, serve and present same within five days from date hereof.