CONTRACTORS et al. v. PILLSBURY, Deputy Commissioner, United States Employees' Compensation Commission et al.

No. 10950.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1945.

Claude F. Weingand, of Los Angeles, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal. (Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, and Herbert P. Miller, Asst. Chief Counsel, both of New York City, of counsel), for appellee Pillsbury.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment dismissing a complaint of appellants (employer and insurance carrier) to enjoin the enforcement of an award made by Deputy Commissioner, Warren H. Pillsbury, to appellee, William Donoho, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., made applicable to employees of persons engaged in national defense work by the Defense Base Act of August 16, 1941. 42 U.S.C.A. §§ 1651–1654.

Donoho was employed by a group of employers, hereafter called Contractors, who were associated in a joint venture having to do with work on a defense base project on the Island of Samoa. The work and labor of Donoho was performed from March to September, 1942 at this defense base, and he claims that his injury arose out of and in the course of this employment. He filed a claim with the Deputy Commissioner for a disability resulting from this claimed injury, and in his claim alleged contraction of pulmonary tuberculosis while so employed.

At the hearing the issues were stated to be (1) whether Donoho's claimed tuberculosis was the result in whole or in part of any occupational exposure in the course of his work sufficient to constitute an injury, as such term is defined in said Act; (2) whether such injury occurred in the course or arose out of his employment; (3) extent and duration of disability.

At the hearing before Pillsbury the parties also agreed that Donoho was in the employ of Contractors throughout the period covered by the claim and that liability for compensation under the Act was secured by appellant, Liberty Mutual Insurance Company; that the claim was within the provisions of the so-called Defense Bases Act, Act of Congress of August 16, 1941, extending provisions of the Federal Longshoremen's and Harbor Workers' Compensation Act to employees on air, military and naval bases of the United States outside of the continental United States, and also within the jurisdiction of the appropriate Deputy Commissioner; that there was no claim of intoxication or wilfully self-inflicted injury; that there had been timely notice or knowledge of Donoho's claim; that his average earnings during the time involved might be taken for the purposes of the proceeding at $85 a week, including maintenance; that no compensation has been paid, and that Donoho had been to no expense for medical treatment, he being then hospitalized at the tubercular hospital of the County of Los Angeles.

The Deputy Commissioner made findings generally supporting the contention of Donoho that he had contracted an active pulmonary tuberculosis as a result of conditions of his employment where he was serving as a male nurse, truck driver and as a steward in the mess hall. While driving a truck during a portion of this time of service he had been thoroughly soaked by rain four or five times a day. Testimony was to the effect that the rainfall was approximately 190 inches a year with temperatures ranging from 90 to 100 degrees. His work day ran from 12 to 16 hours. Donoho testified that after two or three months of

the work so performed, he commenced to feel great fatigue which continued thereafter. He completed his contract of service and returned to the United States about September 25, 1942 and from that date has done no work.

In February of 1943, Donoho was examined for military service and was found to be suffering from active pulmonary tuberculosis. Shortly thereafter he was put in a hospital for treatment and was, at the time of the hearing, still hospitalized.

The Deputy Commissioner found that his active tuberculosis was caused to develop and become disabling either by contraction of original infection from unknown sources or by reactivation of a previous undisclosed and arrested pulmonary tuberculosis by conditions of his said employment, principally overwork and exposure.

The Deputy Commissioner further found that defendants (appellants here) had notice of Donoho's contention within proper time; that the employer (Contractors) did not furnish him with medical treatment in accordance with 7(a) of the Act after being notified of the discovery of the tuberculosis; that the employer is liable for the reasonable cost of (hospital) care, if charge is made therefor, the amount to be fixed by further proceedings if the parties do not agree thereon; that the average annual earnings of Donoho at the time of his injury exceeded the maximum sum prescribed by the Act of $1,950, his actual earnings in said employment being $85 a week. Also that as a result of the said injury Donoho was wholly disabled from September 25, 1942 indefinitely, and he is entitled to compensation at $25 a week for such disability to and including the date of the hearing, October 6, 1943 amounting to $1,346.42 and thereafter at said rate until the termination of his disability or the further order of the Deputy Commissioner. Also that no compensation had been paid. On these general findings the award was entered.

Appellants claim that there is no substantial evidence to support or warrant the findings of fact. This is their position here and the same grounds were urged in their complaint in the court below.

The evidence before the Deputy Commissioner consisted of the testimony of Donoho dealing with the conditions of his health and employment, to which reference is made above. The Deputy Commissioner also heard the testimony of a physician at the hospital where Donoho was confined, and his testimony indicated that Donoho was then suffering from a "far advanced" pulmonary tuberculosis. This physician was unable to state the date of inception of the disease, but testified that it could have developed since March, 1942. Another physician, in a report to the insurance carrier of the Contractors, gave as his opinion that Donoho suffered from a reactivated type of tuberculosis.

Donoho testified that he had been examined by the Navy in Long Beach, California, before he left for Samoa (on February 22, 1942) and was found free of tuberculosis. A certain document from an officer of the Navy Medical Corps appears to sustain Donoho on this point.

■ Appellants contend that because the Deputy Commissioner found that claimant either contracted a new tubercular infection or reactivated an old one, the finding is objectionable and the case must be remanded to the Deputy Commissioner to make an election between these asserted alternatives. Either alternative would support an award; it is not necessary to make an election, and the finding, as here, may be stated in the alternative. Zionek v. Glen Alden Coal Co., 105 Pa.Super. 189, 160 A. 154; Lockheed Overseas Corporation v. Pillsbury, D.C., 52 F.Supp. 997, 998; Lea Mathew Shipping Corporation v. United States Employees' Compensation Commission, D.C., 56 F.2d 860; cf. California Shipbuilding Corp. v. Industrial Accident Com'n, 64 Cal.App.2d 622, 149 P.2d 432.

■■ There was evidence covering material facts before the Deputy Commissioner which would support the order of award. Logical deductions and inferences which may be and are drawn by him from the evidence should be taken as established facts and are not judicially reviewable. Liberty Mutual Ins. Co. v. Gray, 9 Cir., 137 F.2d 926; Simmons v. Marshall, 9 Cir., 94 F.2d 850; Crowell v. Benson, 285 U.S. 22, 46, 52 S.Ct. 285, 76 L.Ed. 598; Parker v. Motor Boat Sales, 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 184. Even if the evidence permits conflicting inferences, the inference drawn by the Deputy Commissioner is not subject to review and will not be reweighed. Liberty Mutual Ins. Co. v. Gray, supra; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251-260, 261, 60 S.Ct. 544, 84 L.Ed 732; Norton v. Warner Co., 321 U.S. 565, 566, 64 S.Ct. 747, 88 L.Ed. 931.

The Deputy Commissioner is not bound to accept the opinion or theory of any particular medical expert but he may rely upon his own observation and judgment in conjunction with all of the evidence before him. Zurich Gen. Accident Co. v. Marshall, D.C., 42 F.2d 1010; Liberty Mutual Ins. Co. v. Marshall, D.C., 57 F.Supp. 177, 178.

The Longshoremen's Act is characterized by liberal provisions respecting mode of proof and the Act should be liberally construed in furtherance of its purpose. Baltimore & Phila. Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct 187, 76 L.Ed. 366. The term "injury", as used therein, includes an injury of the character suffered by Donoho. Cf. Todd Dry Docks v. Marshall, 9 Cir., 61 F.2d 671. See also Lea Mathew Shipping Corporation v. United States Employees' Compensation Comm., supra. Cf. Ætna Life Ins. Co. v. Portland Gas & Coke Co., 9 Cir., 229 F. 552, L.R.A.1916D, 1027. So much may also be said with respect to a latent or undisclosed condition which is caused to flare into a virulent state of activity. Lockheed Overseas Corporation v. Pillsbury, supra.

The Deputy Commissioner found from the evidence that claimant's disability is causally related to his employment. The order and judgment of the court dismissing the complaint was proper.

Judgment affirmed.