## LIBBY, McNEILL & LIBBY v. ALASKA INDUSTRIAL BOARD et al.

### No. 12561.

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1951.

Rehearing Denied Sept. 17, 1951.

See also, 191 F.2d 262.

R. E. Robertson, Juneau, Alaska, Robert V. Holland, Bogle, Bogle & Gates, Seattle, Wash., for appellant.

J. Gerald Williams, Territorial Atty. Gen., John Dimond, Deputy Atty. Gen., for appellee Alaska Industrial Board.

Roy E. Jackson, Seattle, Wash., and Henry Roden, Juneau, Alaska, for appellee John Landro.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the district court affirming an award of partial temporary disability to Landro by the Alaska Industrial Board, hereafter called the Board. It is unquestioned that Landro, on July 5, 1948, was injured in his back by two falls while serving the appellant. The affirmed award of $2577.96 by the Board was for a 65% temporary disability from July 5, 1948, to May 20, 1949. The court awarded by way of damages an attorney's fee of $200 for services to Landro in that court.

The appellant contends there are no facts in evidence to support the Board's award unless the unverified letters of Landro's physicians were considered, and that under the Alaska law the facts in these letters cannot be made the basis of an award. The contention is not based on the ground that a territory is prohibited by the federal Constitution from providing that its administrative agency may base its decisions on such evidence. We know of no

such constitutional provision. Nor is the territorial legislature covered by the Administrative Procedure Act, 5 U.S.C.A. § 1001(a).

Under section 43-3-14 of Alaska Compiled Laws "The Industrial Board may make rules not inconsistent with this Act for carrying out the provisions hereof." The Board's Rule 13 reads: "The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence. Hearsay evidence shall be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient of itself to support a finding."

Appellant paid for the temporary disability up to October 20, 1948. There is testimony in the deposition of appellant's physician Gray, based on Landro's description of his pain and weakness following his two falls, that he was thereby disabled at least until October 15, 1948.

Landro testifies that Gray then advised him to do some light work, and Landro's testimony continues to the effect that in November Dr. Gray advised him to seek a warmer climate. He went to California but found no relief. He returned to Seattle in January, 1949, and attempted to find light work but was unsuccessful. He could not on account of sharp pains in the lower back. His legs would buckle up and "I would collapse." This happened three times stepping off the sidewalk and three or four times in his house while trying to pick up tools. In February, 1949, he called on a Dr. LeCocq for examination and was advised that he might require an operation. He also called on Dr. Williams, who also suggested a possible operation. In March, 1949, Dr. Gray advised him to get free treatment at the Sailors' Hospital in Seattle as the Insurance Carrier would not furnish this. He went to a sanitarium at St. Martin's hot springs. After three weeks there,

he tried to find light work, which he was unable to do.

Appellant contends that none of Landro's testimony is competent to show that his disability continued to May 20, 1949, citing the statement of Schwartz, Trial of Automobile Cases that: "Where, however, the injuries or pain are subjective and of such a character that laymen *cannot know with reasonable certainty the cause,* extent, or their future effect, then there must be offered evidence by expert witnesses, learned in human anatomy, who can testify from a personal examination or from knowledge of the history of the case or from a hypothetical question based on the facts as to the matter involved in the suit." (Emphasis supplied.)

Since appellant's physician Gray had testified that the pains in Landro's back were such as arose from the accident in appellant's service, we think Landro could "know with reasonable certainty the cause" of the continuance of the same pains till May 20, 1949, the end of the award period. In this situation Landro's physicians' letters merely "supplement" and "explain" the testimony. The Alaska rule is not novel but in line with general practice in such cases. Cf. Wigmore on Evidence, Vol. 1, pp. 38, 79, 83.

In this connection, we consider that the Alaska Industrial Board, which understands local conditions and on account of constant contact with fishermen in this territory, must be credited with having knowledge as to what is required of them in the performance of their duties and is able to judge by their appearance, conduct and demeanor what amount of labor, if any, they may be able to perform.

Appellant contends that the district court has no power to award attorneys' fees as costs. Section 43-3-17, A.C.L. provides, for cases originating in the Board, that: "In all proceedings before the Industrial Board or *in any court* under this Act the costs shall be awarded and taxed as provided by law in ordinary civil actions in the District Court." (Emphasis supplied.)

Costs in ordinary civil suits are governed by Section 55–11–51: "The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs."

Here is clear authority for the $200 attorney's fee awarded by the district court. We think it is not taken from the district court because Section 43–3–23 of the act provides that the attorney's fee *for services before the Board* must be deducted from its award.

The judgment is affirmed.