LIBBY, McNEILL & LIBBY v. ALASKA INDUSTRIAL BOARD et al.

No. 12562.

United States Court of Appeals Ninth Circuit.

Aug. 10, 1951.

Rehearing Denied Sept. 17, 1951.

R. E. Robertson, Juneau, Alaska, for appellant.

J. Gerald Williams, Territorial Atty. Gen., John Dimond, Deputy Atty. Gen., for appellee Alaska Industrial Board.

Roy E. Jackson, Seattle, Wash., and Henry Roden, Juneau, Alaska, for appellee Lathourakis.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court of the District of Alaska, First Division, on an appeal from an award by the Alaska Industrial Board, hereafter called the Board. The judgment is based, in part, on an unquestioned fact that Lathourakis, hereafter called the employee, while in appellant's employ as a commercial fisherman during the salmon fishing season of 1948, at Bristol Bay, Alaska, on July 16, 1948, was injured by a collision between the fishing boat, which he then occupied and which was then being towed by a power boat, and the fish scow or barge to which the fish from the fishing boat were being taken for delivery.

For this single injury the employee recovered judgment (a) of $2,005.00, with interest in the amount of $159.99, less $1,050.00 already paid the employee as compensation for total temporary disability, and (b) of $3,600 for a 50% permanent disability, together with the employee's costs, which include an attorney's fee of $150.

Appellant's first claim of error here is that the Board's award and the district court's decision that the employee's disability was caused by his accident were based in part on hearsay evidence in the form of letters from the employee's physicians. The contention is the same as in Libby, McNeill & Libby v. Alaska Industrial Board and Landro, 9 Cir., 191 F.2d 260.

We think there is sufficient evidence to support the Board's finding without consideration of the letters of the employee's physicians. That the employee was injured while in the appellant's service is uncontradicted. The injury consisted of a crushing of his chest and right arm in a collision between his fishing boat and a barge. It was followed by vomiting and numbness in chest and stomach and pain in his arm. An operation on a diagnosis of cancer, found erroneous, disclosed he had a congenital malformation of the esophagus. The operation required the removal of a rib, the opening of the chest, the collapsing of a lung and splitting of the diaphragm. The position of his stomach was then changed by elevating it up to the middle third of the esophagus and the two were sewn together. The diaphragm was then sewn to the side of the stomach and the stomach itself to the vertebral column and the chest wall.

The employee's testimony is: "Before the accident I was strong enough for two men * * * I was high boat in 1946 and 1947 in Bristol Bay; I have the best boat on Puget Sound; I could easily earn from five to eight thousand dollars a year * * * Before the accident I had no trouble about eating * * * I never consulted a doctor in my life except for physical examination * * * I am unable to walk more than two or three blocks on the level and but one on the hill; have only little grip in the right hand and two fingers are numb; my breathing is not very good; cannot do one third as much work as I did before the accident * * * [and] don't think even a good friend would hire me in the condition I'm in. I got no strength— no nothing."

This evidence is corroborated by that of another witness. The appellant's medical witness, Dr. Gray, testified that the injury *combined* with the preceding congenital condition caused the vomiting and other suffering which succeeded the accident. We think this testimony supports

the finding of the Board. As in the Landro case, the letters of the employee's physicians did no more than supplement the above testimony.

■ Appellant contends that there is no evidence to support the Board's finding that the temporary total disability lasted from July 16, 1948, to May 20, 1949. We think it is supported by the following testimony of the employee: "Before the accident [July 16, 1948] I weighed 190 pounds; now, on May 26, 1949, I weigh 156. I cannot gain weight because I cannot eat much solid food and I can't sleep well. I can eat hamburgers and fish. I cannot eat ordinary food because I can't get them down; sometimes I throw whole thing up. I have to take medicine before meals and have to eat 5 or 6 times a day. I can only walk two or three blocks on the level and only one block on a hill. My right arm is numb; it pains when I do a little work around [my] boat on doctor's orders. I have very little grip in the right hand now and two fingers are numb * * * I vomited last time two weeks ago * * * cannot eat things like beefsteak, pork chops or the like; I still feel pretty weak."

■ We do not follow appellant's contention that this testimony is not competent because it is of "subjective symptoms." That a numb hand cannot grasp an object is an objective symptom and so are reduced weight, vomiting, inability to walk beyond a certain distance. Nor is the swallowing of medicine, in treatment for his condition, a subjective symptom.

■ Appellant contends that the act does not permit recovery for both temporary and permanent disability. We can find no such provision in the act, which provides for a recovery in both cases. The prior 1929 act, in Sec. 1, par. 52, ch. 25, A.S.L., Comp.Laws 1933, § 2161, did require the amount paid for temporary disability to be deducted from the award under other provisions of the act. It read: "And in all cases where the injury develops or proves to be such as to entitle the employee to compensation under some provision in this schedule, relating to cases other than temporary disability, *and the employee has been paid compensation for temporary disability,* the amount so paid him shall be *deducted from* the amount to which he shall be entitled under such provision in this schedule." (Emphasis supplied.)

In the later instant act the section reads: "And in all cases where the injury develops or proves to be such as to entitle the employee to compensation under some provision in this schedule, *relating to cases other than temporary disability,* the amount so paid or due him shall be *in addition* to the amount to which he shall be entitled under such provision in this schedule." (Emphasis supplied.) A.C.L.A.1949, § 43–3–1.

■ Cases of permanent injury are "cases other than temporary injury" and hence the amount paid for permanent injury should be "in addition to the amount paid for temporary disability." The meaning is clear, but if it were doubtful we should construe the section liberally in favor of the employee. Cf. Baltimore & P. Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct. 187, 76 L.Ed. 366; Contractors v. Pillsbury, Commissioner, 9 Cir., 150 F.2d 310, 313; Thoresen v. Schmahl, 222 Minn. 304, 24 N.W.2d 273, 276; Wilkins v. Blanchard-McDonald Lumber Co., 115 Vt. 89, 52 A.2d 781.

■ Appellant contends the district court had no power to award to the employee his attorney's fees as costs. For the reasons stated in the Landro case, we disagree.

The judgment is affirmed.