LIBBY, McNEILL & LIBBY v. ALASKA
INDUSTRIAL BOARD et al.

No. 6671–A.

District Court, Alaska.
First Division, Juneau.

Dec. 31, 1952.

R. E. Robertson, Juneau, Alaska, for
plaintiff.

Robert Boochever, Juneau, Alaska, for
defendants.

FOLTA, District Judge.

Plaintiff brings this appeal under Sec.
43–3–22, A.C.L.A.1949 from the decision
and award of the Alaska Industrial Board
in which plaintiff-employer was found
liable in a compensation claim by an em-
ployee, Linda Johnson.

The Board found in part that

"On or about June 2, 1948, Linda Miriam Johnson was injured when the plane in which she was being transported by the defendant company for work in its cannery at Libbyville, Alaska, turned over upon landing. Applicant was rendered unconscious, suffering injuries to her head and back. Her attorney, Wendell Kay, wrote to the Alaska Industrial Board on October 8, 1949, giving the date of the accident, the place where it occurred, the name and address of the employer, the nature of Mrs. Johnson's disability, her name, and the name and address of her attorney which letter constituted an application for adjudication of claim under the provisions of the Alaska Workmen's Compensation Act.

"Mrs. Johnson was mentally incapacitated as a result of the accident from the date of the accident until after August 14, 1950, on which date a formal application for adjustment of claim was filed with the Alaska Industrial Board."

Plaintiff brings this appeal on the grounds that (1) the Board lacked jurisdiction of the claim because it was not filed within two years from the date of the injury as required by Sec. 43–3–29, A.C.L.A.1949, (2) the applicant did not give plaintiff notice of the injury, (3) the Board's decision and award were based on incompetent, inadmissible and insufficient evidence, and (4) the award violates Sec. 43–3–2, A.C.L.A.1949 which limits the payment of medical expenses to the period of one year from and after the date of injury.

Plaintiff's first contention disputes the Board's finding that Kay's letter constituted an application for adjudication of claim. This lettter was received by the Board within the statutory period fixed by Sec. 43–3–29, A.C.L.A.1949.

The Board has established rules of Practice and Procedure which apply to the filing of claims before it. Plaintiff points out many particulars in which the letter allegedly did not meet the Board's own requirements. The most important of these centers on the interpretation of Article 5(f) of the rules which provides that:

"No application shall be accepted for filing unless the names and addresses of all parties are clearly indicated and *essential jurisdictional allegations are stated with reasonable completeness.* (Emphasis supplied.)

This letter did not specifically state that the employer was subject to the Act or that the employee had accidentally sustained a personal injury arising out of and in the course of her employment with the employer, but it did state that:

"On June 2, 1948, Mrs. Johnson was injured in a plane crash at Libbyville, on Bristol Bay, Alaska. She was en route to employment with Libby, McNeill & Libby and was traveling at their expense and under their direction."

It would seem that the Board properly found that this constituted a reasonably complete allegation of jurisdiction within its rules and regulations, and its findings in this connection are naturally given great weight since the Board is authorized to make its own rules and regulations, and is, therefore, in a superior position to determine whether or not they have been complied with.

It should also be noted that the Board found that the applicant was mentally incapacitated from the date of the injury until after August 14, 1950. Under Sec. 43–3–29, A.C.L.A.1949, mental incapacity tolls the two-year limitation. Thus either of the above findings is sufficient to support the conclusion that the Board had jurisdiction of the claim.

Plaintiff's second point concerns applicant's failure to give plaintiff notice of her claim. Section 43–3–8, A.C.L.A.1949 provides that:

"It shall be the duty of every person claiming compensation under the provisions of this Act for any injury sustained by him to make or cause to be made, a report thereof to his employer as soon as practicable after sus-

taining the same, and no compensation shall be paid prior to the day on which such report is made."

However, Section 43–3–13, A.C.L.A.1949 modifies the above requirements as to notice by providing that:

"In all cases of injury not resulting in death, unless the employer or his agent shall have actual knowledge of the occurrence of the injury at the time thereof, or shall acquire such knowledge afterward, the injured employee, or someone in his or her behalf, as soon as practicable after the injury, shall give written notice to the employer of such injury".

■ The record amply shows that the plaintiff had actual knowledge of the injury. The company physician treated applicant, and a letter from the company to the Board, dated October 24, 1949, reveals that plaintiff was quite familiar with the accident. In such circumstances, notice to the employer is not required.

■ Plaintiff's assertion that the Board's findings were based upon incompetent, inadmissible, and insufficient evidence is not well taken. The applicant herself testified, and the deposition of Dr. Berens, who examined the applicant at the request of the company, was also in evidence. Supplemental letters and written statements could be used by the Board to aid it in reaching its decision. Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 191 F.2d 260 and Id., 9 Cir., 191 F.2d 262. It further appears that the findings and award could have been based on logical deductions and inferences which could have been reasonably drawn from other testimony to which plaintiff made no objection. Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir., 1952, 200 F.2d 633. Indeed, these decisions of the Court of Appeals for this circuit, appear to be decisive of this controversy since there is no basis upon which they may be distinguished from the instant case.

■ Plaintiff's fourth ground for having the award set aside is based on Section 43–3–2, A.C.L.A.1949, which limits

the allowance of medical expenses to a period of one year from and after the injury. The Board found that the injury occurred on June 2, 1948, but in its award granted such expenses for "one year from June 2, 1949". Applicant concedes that this is a clerical error and that it should read "one year from June 2, 1948". The award should be so corrected. Rule 60(a), Federal Rules Civil Procedure, 28 U.S.C.A.

The decision and award as corrected are affirmed.