### OCEANIC FISHERIES CO., Inc. v. ALASKA INDUSTRIAL BOARD, etc. et al.

#### No. A–6636.

District Court, Alaska,
First Division, Juneau.
Jan. 13, 1953.

R. E. Robertson of Robertson, Monagle & Eastaugh, Juneau, Alaska, for plaintiff.

William L. Paul, Jr., Juneau, Alaska, for defendants.

FOLTA, District Judge.

This is a proceeding under Section 43–3–22, A.C.L.A.1949, to set aside an award of the Alaska Industrial Board to the widow and minor child of J. A. Kirkhuff. The award, originally made September 8, 1950, by a single member of the Board, was, on the request of plaintiff-employer, reviewed and affirmed April 8, 1952.

The Board found, among other facts, that the deceased was employed as a stationary fireman for the season at the plaintiff's herring plant at Port Conclusion, Alaska; that on August 28, 1948, when a vessel arrived at plaintiff's plant with a load of herring, which is highly perishable, three of the four employees, whose duty it was to shovel the herring brought in by vessels into conveyors for processing within the plant, were drunk. The deceased voluntarily undertook to assist in shoveling the herring out of the vessel. Immediately thereafter he became dizzy, had severe pains in the chest and died September 3, 1948, of coronary occlusion.

The plaintiff contends:

"That neither of said awards is in accordance with the law particularly in that the employee Kirkhuff's ·death, upon which the claim involved in these proceedings is based, was not due to a personal injury suffered or sustained by him by accident arising out of and in the course of his employment as stationary fireman or otherwise by plaintiff and his death was not caused by any fortuitous accident or occupational disease, and his engaging in shoveling herring, which is the alleged work upon which said claim is based, was done voluntarily by him and without request, consent, knowledge, or supervision of the plaintiff, and the place of his shoveling herring was on the navigable waters of Port Conclusion and was both in place and nature within the exclusive jurisdiction of admiralty, and was not of merely local concern, and no evidence was adduced in support of said claim under which the defendants had jurisdiction to make either of said awards, and that the defendants had no jurisdiction whatsoever of said claim or in said matter."

■ The point on which the plaintiff principally relies is that the Board's findings were based not upon the depositions which plaintiff contends constitutes the only competent evidence in the case, but also on hearsay evidence. Consideration of this point, however, would appear to be foreclosed by decisions of this and the appellate courts. Libby McNeill & Libby v. Alaska Indus. Bd., 9 Cir., 191 F.2d 260, certiorari denied 342 U.S. 913, 72 S.Ct. 359; Libby McNeill & Libby v. Alaska Industrial Bd., 9 Cir., 191 F.2d 262, certiorari denied 342 U.S. 913, 72 S.Ct. 359; Libby McNeill & Libby v. Alaska Industrial Board, D. C., 109 F.Supp. 101, which hold that under Section 43–3–14 A.C.L.A. 1949, the Board is not limited in its consideration of evidence by the rules of the common law.

The notion that hearsay should be admitted and given its natural probative effect is no longer novel. It is one of the principal distinguishing features of administrative procedure. The desire to escape from the rigidity of common law rules of evidence, often highly technical, with the expense, inconvenience and delay entailed in adhering thereto and the inability of the courts to expeditiously dispose of controversies arising under regulatory statutes,

led to the creation of a multitude of administrative tribunals which are rapidly preempting a field once considered to be the exclusive domain of the courts. Whatever may be their shortcomings, it does not appear that the liberalization of the rules of evidence is one of them.

It may be conceded that the right to cross-examine the source is a valuable one, yet this right is denied in the case of the numerous exceptions to the hearsay rule without dire consequences. Indeed, in the commercial world most of the business is transacted on the faith of hearsay. Since the development of law itself has been largely if not wholly empiric, it would not be unreasonable to expect the courts to give some heed to the experience of administrative tribunals and business with hearsay, Model Code of Evidence, pp. 36–50, 217–296.

■ Turning to a consideration of the point referred to, there appears to be sufficient evidence within the depositions to support the finding of the Board. Thus, F. O. Floe's deposition indicates that the deceased was shoveling herring shortly before becoming ill. The objection now made to this on the ground that it is hearsay comes too late. Since appellant maintains that the deceased did not regularly shovel herring and his employment was that of stationary fireman, the shoveling must have entailed exceptional exertion for one in the soft physical condition that the deceased was found to be in by Dr. Carr. These facts, in conjunction with appellant's cross-interrogatory No. 6 to Dr. Carr and the doctor's answer thereto, are sufficient to support the finding that the exertion of shoveling herring caused the death of the employee. The Board may also have inferred that the activity was actually within the scope of the deceased's employment from the statement of Floe that he performed "odd jobs" in addition to his duties as stationary fireman.

On a review of the entire record, I am unable to say that the Board's finding and award are not supported by the evidence, or that injustice has been done.

Appellant also (1) takes exception to the Board's conclusion that the death was the result of an "accident", and (2) that the injury was within the scope of his employment.

■ In view of the history and purpose of workmen's compensation legislation, the conclusion of the Board that the death was the result of an "accident" is affirmed. Appellant cites Libby, McNeill & Libby v. Alaska Industrial Board, 11 Alaska Reports 327, in support of its position. That case dealt with a chill followed by a cold and eventual death. Unlike the instant case, unusual circumstances of employment were lacking, and the chill was considered to fall within the nature of a disease, not an accident. It should also be noted that the court said, page 332, "If in the case at bar the employee had suffered a hemorrhage as the immediate and direct result of unusual physical strain or effort in the course of his employment, the injury would be compensable." Thus that case constitutes authority for sustaining, rather than disallowing, the award.

As already pointed out, the Board may have considered that doing odd jobs such as shoveling herring when there was a temporary worker shortage was part of deceased's work, although their opinion seems to indicate that it was considered as a natural activity or reasonable incident of the employment as stationary fireman. Either view warrants affirmance. A contrary holding would tend to discourage a worker's initiative to the detriment of his employer.

Appellant has apparently abandoned the other points listed in its complaint, since they are not argued in its brief.

Affirmed.