Nathaniel **BURKETT**,

v.

Stephen **O'HEARNE**, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fourth Compensation District,

and

Bethlehem Steel Company, Employer-self insurer.

No. 3704.

United States District Court
D. Maryland, Admiralty Division.

July 5, 1955.

---

Joel J. Hochman, Baltimore, Md., for libelant.

George Cochran Doub, U. S. Atty., James H. Langrall, Asst. U. S. Atty., Baltimore, Md., and Stuart Rothman, Sol. of Labor, Ward E. Boote, Asst. Sol. of Labor, Herbert P. Miller and James Edward Hughes, Attys., U. S. Dept. of Labor, Washington, D. C., for O'Hearne.

David R. Owen and Semmes, Bowen & Semmes, Baltimore, Md., for Bethlehem Steel Co.

THOMSEN, Chief Judge.

Attacking an order of the Deputy Commissioner rejecting his claim "on the ground that the claimant did not sustain accidental injury arising out of and in the course of employment", the claimant contends (a) that it ignores the evidence offered on behalf of the claimant, (b) that it is contrary to the weight of the evidence, and (c) that it is not in accordance with law.

But "It is well settled that the Deputy Commissioner's finding is not to be disturbed if it is supported by substantial evidence in the record. O'Loughlin v. Parker, 4 Cir., 163 F.2d 1011; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028. Moreover, any logical inference or deduction drawn from the evidence by the Deputy Commissioner must be taken as a fact and cannot be reviewed. See Contractors v. Pillsbury, 9 Cir., 150 F.2d 310; O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mutual Ins. Co., supra." Ennis v. O'Hearne, 4 Cir., 223 F. 2d 755.

The decision of the Deputy Commissioner to reject the claim on the ground that the claimant did not sustain accidental injury arising out of and in the course of employment is supported by substantial evidence and the inferences to be drawn therefrom, namely, the evidence that the claimant did not say anything about an accident when he first visited the employer's clinic on December 18, 1953; that he then had a cold and heavy cough and pain in the muscles of his back (myalgia), that he told his foreman he was sick and said nothing to him about any injury; that it was not until after he had consulted a lawyer that he said "he must have hurt his back" on December 17; that at the two hearings before the Deputy Commissioner he abandoned his theory that he had been hurt on December 17, and told two different stories of how he hurt his back on December 18.

A deputy commissioner is permitted to disregard medical testimony and rely upon his own observation of the claimant and other evidence before him in making his decision. Ennis v. O'Hearne, supra, and cases cited therein. It was permissible for the deputy commissioner in this case to refuse to believe the testimony of Burkett that he had received an accidental injury arising out of and in the course of his employment.

The decision of the deputy commissioner is affirmed.