## NEUMEIER v. CITY OF MENOMINEE.

1. WORKMEN'S COMPENSATION—SCOPE OF REVIEW—EVIDENCE.

On review of an award by the department of labor and industry by appeal in the nature of certiorari the Supreme Court does not inquire into the facts, weigh the testimony, and perhaps reach a different conclusion from that reached by the department, but merely ascertains whether or not there is any competent testimony to support the finding and award as entered.

2. SAME—DEATH—PROXIMATE CAUSE—EVIDENCE.

In proceeding for death benefits under workmen's compensation act by widow of employee who suffered an accidental foot injury, gangrene, later the amputation of a toe and yet later, the right leg, and finally death from thrombosis of the popliteal artery of left leg, chronic myocarditis, arteriosclerosis and toxemia from a tumor in his mouth, testimony of physician that the injury accelerated death was sufficient to sustain award to

widow, it being only necessary to show that the injury lowered vitality in order for dependents to recover death benefits (2 Comp. Laws 1929, § 8428).

3. SAME—DEATH—TERM FOR WHICH COMPENSATION IS PAYABLE TO DEPENDENTS.

Upon death of employee to whom compensation had been paid, compensation for total dependency is payable to dependents beginning at date of death and continuing for a period of 300 weeks from date of injury (2 Comp. Laws 1929, § 8428).

4. SAME—MODIFICATION OF AWARD—COSTS.

On remand of case to department of labor and industry for slight modification of award in favor of appealing defendants, no costs are allowed where the award is affirmed as to underlying liability for compensation.

Appeal from Department of Labor and Industry. Submitted April 9, 1940. (Docket No. 69, Calendar No. 40,792.) Decided June 3, 1940.

Barbara Neumeier, widow, presented her claim against City of Menominee, employer, and Western Casualty & Surety Company, insurer, for compensation for accidental death of Joseph Neumeier while in defendant's employ. Defendants review award to plaintiff by appeal in the nature of certiorari. Modified and affirmed.

*Matt F. Bilek,* for plaintiff.

*Doyle & Doyle,* for defendants.

CHANDLER, J.  Joseph Neumeier, now deceased, was employed by the city of Menominee in the street department. On November 5, 1936, he sustained an accidental injury when he dropped a plank on the toes of his right foot. He continued to work and did not secure medical attention until December 5, 1936, when his physician, Dr. Kaye, discovered that

gangrene had developed in the first three toes, necessitating the amputation of one toe on December 15th. Later, the gangrene progressed and on January 4, 1937, the right leg was amputated about four inches below the knee. The amputation was effective in checking the infection, but apparently seriously affected the condition of his heart. He died on May 14, 1938. The causes of death were thrombosis of the popliteal artery of his left leg, chronic myocarditis, arteriosclerosis and toxemia from a tumor in his mouth. The deceased had been paid compensation during his lifetime for the specific loss of his leg and up to the time of his death had received 73 weekly payments of $12.44 each.

Thereafter, the widow applied for death benefits under the provisions of 2 Comp. Laws 1929, § 8428 (Stat. Ann. § 17.162). An award was made of $12.44 per week for total dependency from the date of injury, November 5, 1936, for 300 weeks or until the further order of the commission, less, however, the 73 weeks for which deceased had been paid during his lifetime.

The first question for this court to determine is whether there was any evidence upon which the department could make a finding that the accidental injury was the proximate cause of death. We are not permitted to inquire into the facts, weigh the testimony and perhaps reach a different conclusion from that reached by the department. Rather, we must confine ourselves to a review of the record to determine whether or not there is any competent testimony to support the finding and award as entered.

Dr. Kaye was the only medical witness called in the proceeding. He testified that he had treated the deceased during the entire period involved. He testified:

"It seems to me that the causal relationship in this case between the accident and death lies in the damage that it did to the heart. Now, his heart; he had a myocarditis. He had it so that on, after he had fast breathing he had palpitation, he had pounding before the accident. But after the operation he had about three weeks of severe heart decompensation, his heart decompensated following the operation. * * *

"The heart failed. In other words, instead of having a more or less definite rhythm it went just like that, simply by stimulation we tided him over that stretch, and three weeks there of decompensation on an already badly damaged heart to my mind has shortened this man's life as far as his heart was concerned because his heart was also involved in his death when he did die."

It is true that this testimony does not indicate that the injury was the sole cause of death. But in view of the decisions of this court, if there is competent testimony that the injury accelerated his death it is sufficient to be a proximate cause under the statute above cited. The testimony of Dr. Kaye comes clearly within the language set forth in *Swanson* v. *Oliver Iron Mining Co.*, 266 Mich. 121, wherein we said:

"The question is whether the injury accelerated his death; whether, by reason of the injury suffered by him, his death occurred sooner than it probably otherwise would. There was testimony indicating the injury suffered lowered his vitality and probably shortened his life. This was sufficient."

See, also, *Rickard* v. *Bridgeman-Russell Co.*, 288 Mich. 175, where the authorities for this principle are fully collected.

A question is also raised as to the propriety of the award of the department providing for the payment of compensation at the rate of $12.44 per week from

November 5, 1936, the date of the injury, and continuing for 300 weeks or until the further order of the department, less 73 weeks compensation paid to the deceased during his lifetime. The deputy commissioner awarded plaintiff the sum of $12.44 per week for total dependency from the 14th day of May, 1938, the date of the employee's death, until the further order of the department, but not for a period exceeding 300 weeks from the date of injury. The difference between the two awards is six weeks. The award as made by the deputy is in compliance with our holding in *Kaiser* v. *Little Brothers Foundry Co.*, 289 Mich. 627, interpreting previous decisions of this court, where we said:

"These decisions establish that where compensation has been paid to an employee during his lifetime and he later dies as a result of his injuries, compensation to dependents begins at the date of his death and continues for a period of not more than 300 weeks from the date of the injury."

The case is remanded to the department of labor and industry with instructions to modify its award to conform with the above rule, by affirming the award entered by the deputy, which is in accord with such rule. No costs are allowed.

Bushnell, C. J., and Sharpe, Potter, North, McAllister, Wiest, and Butzel, JJ., concurred.