ADAMS *v.* HYGRADE FOOD PRODUCTS CORPORATION.

1. WORKMEN'S COMPENSATION—ALLOWANCE OF APPEAL.

The Supreme Court allows an appeal from decision dividing the workmen's compensation appeal board, where it was a close question as to whether or not there was competent evidence to support the board's finding that plaintiff's disabling disease was due to causes characteristic of and peculiar to defendant's business and arose out of and in the course of his employment (CL 1948, § 413.12).

2. SAME—ORDINARY DISEASES OF LIFE.

Ordinary diseases of life to which the public is generally exposed outside of the employment are not compensable under the workmen's compensation act except as the employee has contracted such a disease through exposure in the employment that is greater in degree and in a wholly different manner than is the public generally (CL 1948, § 417.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 58 Am Jur, Workmen's Compensation § 243.
[2, 3] 58 Am Jur, Workmen's Compensation § 245.
[4] 58 Am Jur, Workmen's Compensation §§ 246, 530, 532.
[5] 58 Am Jur, Workmen's Compensation § 511.

3. Same—Meat Packer and Janitor—Tubercular Meningitis.

Meat packing plant employee who graded and trimmed hams, lugged beef, pushed freshly killed cows and hogs into the cooler on the killing floor, stacked meat in the freezers, loaded meat into box cars, handled pork, beef and lamb, worked on the kills although did not kill the animals and did janitor work and oiled the carcass conveyors and who contracted tubercular meningitis *held*, entitled to workmen's compensation therefor,. where there is evidence that the disease was contracted from exposure to an absorption of bovine tubercle bacilli in his work as such employee and that the disease, therefore, arose out of and in the course of employment in which the risk of absorbing such bacilli was in a greater degree and in a. different manner than to the public generally (CL 1948, § 417.1).

4. Same—Finding of Fact—Evidence—Proximate Cause—Tubercular Meningitis.

, Finding of fact by workmen's compensation appeal board that plaintiff's disability from tubercular meningitis was due to causes and conditions which are characteristic of and peculiar to the business of defendant meat packer and had arisen out of and in the course of employment and was, therefore, compensable under the workmen's compensation act is not disturbed, where there is competent evidence to sustain such finding (CL 1948, §§ 413.12, 417.1).

5. Same—Question of Fact—Evidence—Notice and Claim for Compensation.

Finding by workmen's compensation appeal board on question of fact for plaintiff employee who suffered tubercular meningitis that notice of injury and making of claim for compensation had been timely, *held*, sustained by competent evidence (CL 1948, §§ 413.12, 417.1).

Appeal from Workman's Compensation Appeal Board. Submitted January 11, 1957. (Docket No.. 54, Calendar No. 46,931.) Decided May 17, 1957.

Mack Adams, Jr., presented his claim against Hygrade Food Products Corporation for compensation for disability from tubercular meningitis contracted from rejected slaughtered animals. Award to plaintiff. Defendant appeals. Affirmed.

*Laura Lee Spencer,* for plaintiff.

*Markle, Markle & Eubank (Fergus Markle,* ofi counsel), for defendant.

DETHMERS, C. J.   The question is whether there is any competent evidence which, with reasonable inferences to be drawn therefrom, supports the finding of fact by the workmen's compensation appeal board* that plaintiff's disabling disease is due to causes characteristic of and peculiar to defendant's business and arose out of and in the course of his employment by defendant. If there is, we affirm. *Neumeier* v. *City of Menominee,* 293 Mich 646; *Zytkewick* v. *Ford Motor Company,* 340 Mich 309. We allowed appeal because the question is a close one, dividing the appeal board.

Defendant is in the meat-packing business. In its plant hogs and cattle are slaughtered, dressed, cut up and packed. Inspectors occasionally find animals slaughtered there that are tubercular— about one every 3, 4, or 5 months. Blood of such animals gets on the floor; the carcass is placed on a conveyer; the head is detached and skinned out by men working on the floor and then placed on an inspection rack. It, together with glands, heart, lungs, liver and other portions of the carcass are examined by inspectors. Men working on the floor handle and cut open the carcasses of such tubercular animals. If found to be infected, a carcass is immediately dropped into a tank, placed under government seal and taken to the tank room, ultimately to be cooked up into axle grease.

Plaintiff's job in defendant's plant consisted of grading and trimming hams, lugging beef, pushing freshly killed cows and hogs into the cooler on the

---

* See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186).—REPORTER.

killing floor, stacking meat in freezers and loading meat into box cars. He handled pork, beef and lamb. He worked on the kills but did none of the killing. He also did janitor work, including washing the hog killing floor with a hose and oiling carcass conveyers.

Plaintiff's disabling disease is tubercular meningitis, an infection of the meninges, or coverings of the brain and spinal cord, by the tubercle bacillus. There are 3 varieties of the bacillus, human, bovine and avian. While the human variety attacks man's lungs, the bovine variety attacks his organs other than lungs, knees, arms, et cetera. Either type could cause meningitis, but when caused by the human type it most frequently would also attack the patient's lungs simultaneously with the meninges. Plaintiff's lungs were not so affected. No member of plaintiff's family ever suffered from tuberculosis. Bovine tuberculosis is usually transmitted, not from person to person, but from animals or animal products to persons; it can be transmitted to man by contact with infected meat or animal matter. The bacillus may enter a human through the gastro-intestinal tract, the respiratory tract, mucous membranes and wounds or intact skin. Laws enforcing tuberculin testing of cows and pasteurization of milk, and government inspection of meats have made human infection with the bovine type of tuberculosis uncommon—practically nonexistent in this country.

Although the statute, CL 1948, § 417.1 (Stat Ann 1950 Rev § 17.220), provides that "Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable" and in *Mills* v. *Detroit Tuberculosis Sanitarium,* 323 Mich 200, we said that tuberculosis is an ordinary disease of life, nonetheless, in that same case we held that that fact alone did not render the resulting disability noncompensable, but that, on the contrary,

disabling tuberculosis was compensable in that case because (p 209) "plaintiff was exposed in his employment to the risk of contracting tuberculosis in a far greater degree and in a wholly different manner than is the public generally."

The facts in *Mills* no doubt presented a stronger case for plaintiff than the case at bar, both as to the extent of plaintiff's exposure to tubercle bacilli on the job and the fact that his disease arose out of and in the course of the employment and was due to causes and conditions characteristic of and peculiar to employer's business. We think it not, however, an unreasonable inference to be drawn from the facts in the instant case, as above outlined, that plaintiff contracted his disabling disease from exposure to and absorption of bovine tubercle bacilli in his work as defendant's employee and that, therefore, it arose out of and in the course of the employment. We think, also, that those facts, gathered from competent evidence in the case, accepted as true by the appeal board, permit of a reasonable inference, as drawn therefrom by the board, that plaintiff was exposed in his employment to the risk of absorbing bovine tubercle bacilli in a greater degree and in a wholly different manner than is the public generally. These findings of fact, supported by competent evidence, we do not disturb. Applying the test of *Mills,* it was proper to conclude that plaintiff's disabling disease was due to causes and conditions which are characteristic of and peculiar to the business of defendant and, having arisen out of and in the course of employment, is, therefore, compensable.

The question of timeliness of plaintiff's giving defendant notice of injury and making claim for compensation is one of fact. *LaPorte* v. *Kalamazoo Stove & Furnace Co.,* 308 Mich 687. There would be no profit in recounting the proofs on the subject. We hold that there was competent evidence to support

the appeal board's finding on this question in plaintiff's favor.

Award of compensation affirmed, with costs to plaintiff.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.